LAURA S. READMAN *vs.* THOMAS H. CONWAY & another

Essex. Nov. 7, 1878. — March 10, 1879. ENDICOTT & LORD, JJ., absent.

The owner of a lot of land abutting on a highway, on which is a building consisting of three shops, and having a wooden platform extending from it to the sidewalk, with no barriers separating the parts of the platform in front of the several shops from each other, and which is constructed for the common use of all the shops and used by the public as a common passageway thereto, is liable to a person who, in the exercise of due care, is injured by a defect in the platform, in the absence of an agreement by the tenants of the shops to keep it in repair.

On the issue of fact whether a landlord or his tenant was to keep in repair a platform in front of a shop, evidence that, after an injury caused by a defect in the platform, the landlord repaired it, is competent as an admission that it was his duty to keep the platform in repair.

TORT for personal injuries sustained by the plaintiff from a defect in a platform in front of a building on land owned by the defendants in Lawrence. At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions, the substance of which appears in the opinion.

*D. Saunders & C. G. Saunders*, for the defendants.

*E. T. Burley*, for the plaintiff.

MORTON, J. The defendants are the owners of a building, consisting of three shops or tenements, standing forty feet back from the line of Essex Street in Lawrence, and having a wooden platform extending from it to the sidewalk of Essex Street They made oral leases of these shops, each to a separate tenant. The platform had no fences or lines of any kind separating the parts thereof in front of the several shops from each other, but was entirely open, so that persons passed over it in any direction in going to either of the shops. The verdict of the jury establishes the fact that the plaintiff, while in the exercise of due care, was injured by a defect in the platform for which the person whose duty it was to keep it in repair was responsible, the only disputed question which is affected by the exceptions before us being whether her remedy was against the landlords or the tenant. The evidence was conflicting upon the question whether by the terms of the leases the landlords were to keep in repair the whole of the platform, or each tenant was to keep in repair the part in front of his shop.

In this state of the case, the defendants asked the court to instruct the jury as follows: "1. In the absence of an express agreement, on the part of the landlord, to do repairs, the tenant is bound in law to keep the tenement in repair; and he, not the landlord, is responsible for any injury arising from the want of repair. 2. The occupier and not the landlord is bound, as between himself and the public, so far to keep buildings and adjoining structures abutting upon highways in repair, that they may be safe for the use of travellers therein; and, *prima facie*, such occupier is liable to third persons for damages arising from such defect."

These requests state general propositions of law, which in many cases might be correct and sufficient. But in the case at bar the

principal question in dispute was whether the tenants of the shops were the tenants or occupiers of the platform within the meaning of these rules of law. There was evidence which would justify the jury in finding that the platforms were not leased to the several tenants, but that the understanding was that they were constructed and were to be kept open and controlled by the land-lords, for the common use of the occupants of all the shops and of the public. If they so found, the tenants would not be liable for defects in the platform, but the responsibility therefor would remain upon the landlords. *Kirby* v. *Boylston Market Association*, 14 Gray, 249. *Milford* v. *Holbrook*, 9 Allen, 17. *Shipley* v. *Fifty Associates*, 101 Mass. 251.

The presiding justice properly declined to give the instructions requested without qualification or explanation; and the instructions given in explanation were appropriate and correct.*

If the lease to each tenant was of the shop occupied by him, and the landlords had constructed a platform for the common use and benefit of all the shops and of the public, there would be no presumption, in the absence of any agreement to that effect, that the tenants were to keep the platform in repair. Neither tenant acquired any exclusive right to use or control the part of the

---

* The instructions given were as follows: "If the jury find that this platform, down to the time of the injury, had been used by the public in its entire width as a common passageway to the three shops, and that this was known to the defendants, and that there was no division fence upon the platform, — unless, by the terms of the defendants' letting to them, or their occupation under such letting, the tenants were required to maintain the platform, as a part of their tenement, in safe condition for persons lawfully on it, — the defendants were required to keep the same in safe and convenient condition, and would be liable to the plaintiff for any injury caused by their neglect of such duty, provided there was no want of reasonable care on the part of the plaintiff. The law presumes the legal obligation of a tenant to maintain the repairs of his tenement, in the absence of evidence of an agreement between him and his landlord that his landlord and not he shall make such repairs ; and the law presumes the legal obligation of a tenant, as between himself and the public, to keep his·tenement, if it abuts on a highway, in such a condition of repair that persons could travel with safety in the highway on which it abuts, and safely, when on lawful business, enter and leave such tenement, from and to the highway on which it abuts; and there is a legal responsibility of a tenant, arising from such presumed obligation, to a person injured by the unsafe condition of a place within the limits of his tenement,

platform in front of his shop, and there was no such leasing of the platform as would exonerate the landlords from responsibility for defects in it. *Milford* v. *Holbrook, ubi supra.*

The only other exception argued by the defendants is that to the admission of evidence that, after the plaintiff's injury, they made general repairs of the platform. These acts of the defendants were in the nature of admissions that it was their duty to keep the platform in repair, and were therefore competent.

*Exceptions overruled.*

---

over which such person when injured was passing on lawful business, from and to such highway. These presumptions would not apply to a tenant whose tenement consisted of a shop which was one of three adjoining distinct and separate shops, attached to all of which was a platform, extending a distance of forty feet from them to a highway, and constructed by the landlord for the common use of all the shops, and accessible to and used in every part of it by the tenants of the shops, and to and by all persons having occasion to pass from and to the highway over the platform, and from and to the shops. The presumption of law would be, that such a platform, in the absence of any agreement, between the landlord and tenants of such shops, as to the repairs of it, was to be repaired by the landlord. Such a platform would be like the single staircase provided by the landlord of a building consisting of several stories, divided into numerous tenements occupied by different tenants, all of whom had right of ingress and egress into and from the building and their respective tenements, by means of the common staircase, and all of whom might be presumed to be obliged to repair their respective tenements, and none of whom could be presumed to be obliged to repair the staircase, common to the use of every one of them and of their tenements."