CATHARINE M. SAWYER *vs.* JOHN MCGILLICUDDY.

Androscoggin.    Opinion February 18, 1889.

*Landlord and tenant.    Common stairway.    Care and maintenance.*

The defendant was the owner of a building, on the second floor of which were several tenements, all of which, were leased to different tenants. There was one stairway for the accommodation of all, and used in common by the several tenants. The plaintiff was one of the tenants, and while in the proper use of the stairway was injured by a defect in the landing.

*Held,* that it was incumbent upon the defendant, as owner and landlord, in the absence of an express agreement to the contrary, to suitably care for and maintain for the tenants, the stairway, at his own expense.

ON EXCEPTIONS.    This was an action for negligence to maintain in good repair a stairway, connected with certain rooms, which the defendant rented to the plaintiff in his building. The ingress to the rooms was by a stairway running through the building. The same stairs were erected and designed for all the rooms in the building, some of which were leased by the plaintiff, others to other tenants. On the point of defendant's liability to maintain the stairway and landing, the presiding justice gave the following ruling :

. "The parties in this litigation are landlord and tenant. The plaintiff is a tenant of the defendant,—her landlord; and she alleges negligence in his maintaining a passage-way or stairway, annexed to her rooms, which were her tenements. In the first place, what are the legal relations of the parties? The landlord who lets a tenement, as a rule, does not imply a covenant that the premises are in repair,—that they are fit for occupation. He sells the use of the premises for the time being; he ceases for the time being to be the owner of the premises, and the tenant becomes the owner, has the possession and control. A landlord is never obliged to repair the leased premises unless he has expressly agreed to do so,—unless as part of the letting, there is an agreement that he will do so.

Some authorities (that is, the courts in some states) make an exception to this rule in the case of a passage-way common to

different apartments, let to different persons by the same landlord; but even that exception is strongly combatted by some courts.

I think the tendency of decision in this state is favorable to the view taken by the plaintiff; and while it is the exception to the rule, at any rate, I so rule for the purposes of this case. I give to you this rule to govern this case; namely,—if the defendant let rooms to plaintiff in his building, having, at the same time, other rooms let to other persons, or to any other person, and there was in the building or outside of it, annexed to it, a stairway designed for and being common to all the rented rooms or apartments,—in such case there is an implied covenant, between the landlord and tenant, that he will suitably care for and maintain the passage-way or stairway for the tenants, unless there be an express agreement that he is not to maintain the stairway, at his own expense."

Plaintiff was injured by the falling of a part of the landing at the foot of the stairway.

Verdict for the plaintiff.

To the instruction (founded on the facts stated by the judge) touching a tenant's liability to maintain and keep the stairway in repair, the defendant excepted.

*D. J. McGillicuddy, G. E. McCann,* with him, for defendant.

There was no agreement to repair.

Landlord not obliged to repair, in absence of express agreement. *Libbey* v. *Tolford,* 48 Maine, 316. Plaintiff's claim of an exception to the general rule, in the case of common stairway and landings, cannot prevail; defendant occupied no part of the building. Cases cited: *Woods* v. *Cotton Co.,* 134 Mass. 357; *Bowe* v. *Hunking,* 135 Id. 380; *Humphrey* v. *Wait,* 22 U. C. C. P. 580; *Purcell* v. *English,* 86 Ind. 34, and cases there cited. *Cole* v. *McKay,* S. C. 29, N. W. Rep. 279. Defendant did not occupy the passage-way "in common with the other tenants" as in *Looney* v. *McLean,* 129 Mass. 33. Same difference in *Toole* v. *Becket,* 67 Maine, 544.

*F. L. Noble,* for plaintiff, cited: *Larue* v. *Hotel Co.,* 116 Mass. 67; *Looney* v. *McLean,* 129 Id. 33; *Lowell* v. *Spaulding,* 4 Cush.

277; *Woods* v. *Cotton Co.*, 134 Mass. 361; *Kirby* v. *Boylston Market Asso.*, 14 Gray, 249; *Readman* v. *Conway*, 126 Mass. 374; *Toole* v. *Becket*, 67 Maine, 544; *Priest* v. *Nichols*, 116 Mass. 401; *Campbell* v. *Sugar Co.*, 62 Maine, 552; *Norcross* v. *Thoms*, 51 Id. 503; *McCarty* v. *Savings Bank*, 74 Id. 315, 321.

DANFORTH, J. The ruling complained of in this case raises but a single question, namely, the liability of the defendant, upon the facts stated in the exceptions, "to suitably care for and maintain the passage-way or stairway for the tenants, unless there be an express agreement that he is not to maintain the stairway, at his own expense." By the ruling, this liability is imposed upon the defendant by virtue of an implied covenant. It is to be noticed that the plaintiff's right to recover is not made to rest upon this proposition alone. This is only one of the elements of her case, among many others, upon which we must assume that correct instructions were given.

It appears that the defendant was the owner of the building including the stairway in question; that in the upper part of the building there were several different tenements leased to as many different tenants of whom the plaintiff was one; and that the stairway was built for the accommodation of the different tenants and used by them in common as a passage-way to their several rooms; and as conceded in the defendant's argument the plaintiff received the injury which is the subject of this suit "by falling through the landing at the foot of the stairway."

In such cases the rights and liabilities of the parties' are the result of a contract between them. In the absence of an express contract, the law will imply such as shall be deemed reasonable, under all the circumstances. In this case there was an express contract as to the tenancy, but that left the obligation to repair, to such, as might be implied by law. In the first instance, the burden of repairs reasonably necessary for the protection of all persons rightfully upon the premises, is upon the owner; and if he would be relieved, the burden is upon him to show that the obligation has been transferred to another.

In the ordinary case of landlord and tenant that transfer is made. The lease is an instrument of conveyance. The lessee

takes the possession of the property and has the full control of it. The landlord has no right of entry even, except so far as it may have been reserved. The tenant for the time being is in the place of the owner, taking the property as he finds it. These circumstances are so connected with the repairs, that the law deems it reasonable and proper that, in this respect as well as in others, the tenant should take the place of the owner and authorizes the inference that such was the intention of the parties, in the absence of controlling facts. This would also be true of all appurtenances connected with, or ways to, the premises when such appurtenances and ways were included in the lease, with the same right of possession in the tenant as in the premises. This rule is now beyond controversy.

But when the reason ceases, the law ceases. Though the relation of landlord and tenant exists between these parties as to the tenement occupied by the plaintiff, it does not as to the stairway in question. Over that she has only a right of way in common with others; no right of exclusive, or any possession, except as she is passing over it; no right of entry even for any other purpose. Hence in these circumstances we find no evidence to sustain an implied covenant on the part of the plaintiff to make the repairs, or that the obligation to do so had been transferred from the defendant, who still retained possession and control of the stairway. If this inference could be drawn against the plaintiff, it could be with equal propriety against each of the other tenants, and each would have a claim against the others severally for neglect. The obligation could not be upon all jointly for their titles were several.

It is suggested that the defendant is not an occupant of any part of the building. This may be true. But it is not necessary that a person should be actually in, or upon, the premises in order to have the possession and control of them. The defendant was the owner of the stairway, as well as the other parts of the building, and though built for the accommodation of the tenements above and in that sense an appurtenant to, though not a part of them, it was as easily divisible from them as they from each other. By his leases he made such a division and, in effect, retained the

control of the stairway, with a right to enter at any and all times to himself. He could have retained no greater right, if he had retained one of the tenements for his own occupation, leasing the others as now.

But, while these facts not only fail to furnish any sufficient foundation for an implied covenant on the part of the plaintiff to make the necessary repairs upon the stairway, they are abundantly sufficient to sustain such a covenant on the part of the defendant. He was the owner of the tenements, and kept them for the purpose of profit. But to insure that, there must be some means of access to them. He preferred to make one passage-way for all, rather than one for each. This was an invitation, an inducement for all who needed such accommodation, to come and pass over this passage-way. It was a way provided for them to pass over precisely as a man provides a way for his customers to get to his place of business, and the same implied covenant to keep in safe and convenient repair must exist as much in one case as in the other.

But it is said, that when a person has a right of way over the premises of another the presumption is, that he is bound to repair at his own expense. This may be true, when the way is held under a license, to be used by the licensee, for his own benefit exclusively. But such a way and one provided, as this was, as an inducement to obtain tenants for the tenements, or customers to the business of the person providing it, are two very different things. This distinction is clearly illustrated in *Campbell* v. *Portland Sugar Co.*, 62 Maine, 552, 561. See also *Stratton* v. *Staples*, 59 Maine, 94.

Thus it is evident that the ruling in question rests upon sound principle.

We are of the opinion that, though there may be some conflict in the decisions real or apparent, the preponderance of authority will bring us to the same result. In Massachusetts, the question seems to have been clearly settled in accordance with the ruling. The same principle runs through all the cases,—that the obligation to repair, in the absence of any express agreement, depends upon the right of possession,—and that an appurtenant attached to and

made for the accommodation of several different tenements, leased to different tenants, remains in the possession of the lessor, though the use of it goes to the lessees.

*Milford* v. *Holbrook*, 9 Allen, 17, was the case of an awning made for and attached to a block containing three shops leased to different tenants. It was held, that though all had the use of the awning, yet the possession remained in the landlord, and he was held liable for any defects in it.

*Elliot* v. *Pray*, 10 Allen, 378, is in point, showing that under similar circumstances the landlord and not the tenant is bound to keep the passage-way in repair.

In *Shipley* v. *Fifty Associates*, 101 Mass. 251, the whole building was leased to different persons in tenements, under leases requiring the tenants to make repairs, and yet it was held that the possession of the roof, however necessary to all, was not conveyed to any one of the tenants, nor to all jointly, and was therefore left in the owners, who were liable for new repairs.

*Readman* v. *Conway*, 126 Mass. 374, in principle is not distinguishable from the one at bar. Three tenements, with a platform in front for the benefit of all, were leased to different persons. In the opinion it is said: "If the lease to each tenant was of the shop occupied by him, and the landlords had constructed the platform for the common use and benefit of all the shops and the public, there would be no presumption in the absence of any agreement to that effect, that the tenants were to keep the platform in repair. Neither tenant acquired any exclusive right to use or control the part in front of his shop, and there is no such leasing of the platform as would exonerate the landlord from responsibility for defects in it."

*Looney* v. *McLean*, 129 Mass. 33, is in every respect like the one under consideration and sustains the ruling.

In this state the same question does not appear to have arisen, but the cases tend the same way. *Campbell* v. *Portland Sugar Co.*, *supra*; *Toole* v. *Becket*, 67 Maine, 544, and cases cited.

In *Bold* v. *O'Brien*, 12 Daly (N. Y.) 160, it is held that a tenant of a part of a building is not bound to make general repairs. If the landlord fails to make them and the building falls he is liable to the tenant.

In *Donohue* v. *Kendall*, 50 N. Y. Sup. Ct. 386, it is held that the owner of a tenement house owes to his tenants of apartments therein, and to strangers rightfully on the premises, the duty of keeping the stairways and hallways in repair.

So far as our attention has been called to other cases in defense, or any we have been able to find, we do not think them sufficient to overcome the authority of those above cited, and others similar. Some of them rest upon temporary obstructions or as in *Purcell* v. *English*, 86 Ind. 34, and *Woods* v. *Cotton Co.*, 134 Mass. 357, where the obstructions were accumulations of ice and snow. We see no reason to complain of these and such like decisions. They are not founded upon a defect, in the thing itself, and so are not in conflict with our decision in the case at bar. Nor do we intend to decide, that the landlord is liable for any fault of the tenant; nor is it a necessary inference that he would be holden for a defect in the construction of the stairway, or existing before the lease. It might be, that in the case of a tenant, in the absence of hidden defects, he would be bound by the condition of the stairway, the time of the lease, and bound to keep it clear from the accumulation of temporary obstructions arising from use or from natural causes, as ice and snow, leaving the landlord liable for repairs made necessary by the ordinary use or decay. These several questions do not arise in this case and we give no opinion upon them. An examination of the cases upon this subject will show, we think, that much of the apparent conflict in them, arises from the fact that different questions are involved.

*Exceptions overruled.*

PETERS, C. J., WALTON and EMERY, JJ., concurred. VIRGIN and HASKELL, JJ., concurred in the result.