### ROUILLON v. WILSON.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

LIABILITY OF LANDLORD—INJURY TO TENANT—DANGEROUS PREMISES.

     Notice to an owner of an apartment house that a part of an appliance or
appurtenance furnished for general use by the tenants, such as a slat plat-
form on the roof, is insecure and unsafe, from a cause which would naturally
operate to impair the whole of it, puts him upon inquiry as to the condition
of all the appurtenance.

     Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from trial term.

Action by Marie S. Rouillon against Richard T. Wilson. From a
judgment dismissing the complaint, and from an order denying a new
trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-
SON, O'BRIEN, and INGRAHAM, JJ.

Samuel D. Levy, for appellant.

Franklin Pierce, for respondent.

PATTERSON, J. The complaint having been dismissed, the in-
quiry on this appeal is whether, under the most favorable aspect in
which the testimony can be viewed, there was anything to go to the
jury on the question of the defendant's negligence. The accident
which happened to the plaintiff was upon one of the common appli-
ances of the building in which she was a tenant. That appliance was.
under the sole management and care of the landlord. The plaintiff
was entitled to, and found it necessary to, use it. The attention of the
landlord had been called to the insecure condition of this appliance.
It was a platform of slat work on the roof of the building, upon which
tenants stood in order to hang out their clothes to dry, after washing
them. The plaintiff had a right to assume that this appliance was.
safe. The accident happened to her on the first occasion of her using
the platform. Notice of its condition was given to the landlord about
two months before the accident happened to the plaintiff, but the no-
tice did not relate to the particular part of the platform through which
the plaintiff fell, but to another part, which was repaired. The de-
fect pointed out to him was that the boards or slats had become
weather-worn and rotten; and, when his attention was called to that
condition existing in any part of the platform, it was his duty to in-
spect it all, to ascertain whether repairs were required to any other
part. The plaintiff fell through a weather-worn and rotten slat in
this platform. This was but one appliance. It covered the roof of
but one building. Its liability to be out of repair by reason of its
exposure to the weather was as great in one part as in another. The
case differs in no way from that of a stairway in a house. If one

step is worn and dangerous, can it be said that the landlord's duty is discharged if he simply inspects and repairs that one step, without looking to the condition of others in the same flight, which presumably have been used in the same way, for the same length of time, and for the same purpose?   If that were the case, it would be necessary that he should have notice with reference to the condition of each particular step,—and, in this case, of every square foot of the platform, and every slat in it,—which would be simply excusing him from liability for anything that happened, except at the precise spot, the condition of which was called to his attention.   The case differs altogether from one where defects are pointed out in a public street. Because notice is given as to the condition of a public street at one point, that does not necessarily throw upon the municipality the duty of inspecting the whole length of the street, for we know that the burden placed upon different parts of the street at various points is constantly changing.   But as to an appliance in a house for general use by the tenants, and subjected to the same burdens, notice of an insecure and unsafe condition of parts of the appurtenance, arising from general deterioration, puts the landlord upon inquiry as to the condition of all of that appurtenance.   This platform was but one appliance, and the accident is attributable to its general defective condition.   Where, as here, there is notice of a defect in a part of an appurtenance, arising from a cause which would operate to impair the whole appurtenance, it is sufficient to impose upon the owner the duty of inspection of the whole appurtenance.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

O'BRIEN and INGRAHAM, JJ., concur.   VAN BRUNT, P. J., and McLAUGHLIN, J., dissent.