## LaPlante v. LaZear.

[No. 4,414.   Filed October 13, 1903.]

LANDLORD AND TENANT.—*Defective Premises.*—*Personal Injuries.*—*Damages.*—An action may be maintained by a tenant against his landlord for personal injuries received by the breaking of defective steps leading to the house, where the house consisted of different apartments or tenements rented to two tenants, and the landlord kept possession of and exercised dominion over the steps as a common passageway for the tenants occupying the premises.

From Daviess Circuit Court; *M. S. Hastings*, Special Judge.

Action by Mary LaZear against Katherine LaPlante. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*C. E. Dailey, W. W. Moffett, C. K. Tharp* and *J. T. Goodman*, for appellant.

*A. J. Padgett, J. A. Padgett, W. A. Cullop* and *G. W. Shaw*, for appellee.

WILEY, J.—Appellee was a tenant of appellant, and was injured by the breaking of alleged defective steps leading to the house. This action was to recover damages resulting from such injuries. The complaint was in two paragraphs, to each of which a demurrer was overruled. Answer in denial, trial by jury, verdict and judgment for appellee.

Errors relied upon for a reversal are the overruling of the demurrers to each paragraph of complaint, and overruling appellant's motion for a new trial.

The amended first paragraph of complaint avers that appellant was the owner of a certain lot upon which was a dwelling-house of two apartments; that each of said apartments consisted of three rooms down and one room upstairs; that appellee rented one of the apartments, and was occupying it as a tenant of appellant; that the other

VOL. 31—28

apartment was leased to and occupied by another tenant; that said house had front steps, porch, door, and a hallway, used in common by both families residing therein, and were for the use of both families; that on the 20th day of June, 1900, while appellee and the other tenant were occupying and using said premises, one of the boards in one of the front steps leading to said house became out of repair; that appellant was notified to repair the same; that she came to examine it, and promised to make the necessary repairs; that said step prior thereto had been out of repair for a long time, and that appellant knew of such fact; that on the 23d day of June, 1900, appellee was desirous of going from the house to the street, and, while descending said steps to the walk below, avoided stepping on the aforesaid broken step, and stepped upon another in the course of steps, which board by her from the top step appeared to be safe and free from defects; that when she stepped upon said step the board broke and gave way suddenly under her weight, whereby she was thrown to the ground violently and permanently injured; that the board that broke was defective in this: That the under side thereof was decayed and cracked and weak, and on account thereof was unfit for the purpose for which it was used; that, it being on the under side, appellee could not see the defect, which condition she was unable to know by using the same as a means of ingress and egress to and from the common entrance to said house; that appellant knew at the time appellee became her tenant that said step was out of repair, or could have known it by the exercise of ordinary care and diligence; that she was negligent and careless in not having the same in good and safe repair for her tenants, who were required to use the same in common as a means of entering and leaving said house; that she was also negligent in failing to repair the same before appellee became her tenant, so that it would have been safe for use; that said steps were enclosed so that one using them could not see the under

side of the boards, and hence appellee was unable to know the condition thereof; that said steps were not under the control or dominion of appellee for the reason that they were used in common by all of appellant's tenants occupying the house, it being a common passageway, and that appellant was still occupying the same under her dominion and possession for' and on account of said reason; that by reason. of said facts, her injury was caused without fault or negligence on her part, but wholly on account of the fault and negligence of the appellant. The second paragraph is not materially. different from the first, and it is unnecessary to give even an abstract of it. Both paragraphs proceed upon the theory that appellant rented the house, with different apartments or tenements, to two different tenants, and that she kept. possession of and exercised dominion over the steps, etc., as a common passageway for the tenants occupying the premises, and that she was charged with the duty of keeping such common passageway in repair, and safe for use, and that she failed to do so. It is only upon this theory, if at all, the complaint states a cause of action.

Appellant predicates her right to a reversal upon the theory that a landlord is not bound to make repairs in the absence of a covenant to do so, and further that there is no implied warranty or covenant that the demised premises are fit, or shall continue to be so, for the purposes for which they are leased. There is no doubt but that this is the general rule, as applicable to ordinary tenancies, for all of the authorities so hold. We mean by the expression of "ordinary tenancies" where property is leased to a single tenant. In such case the lessee has the exclusive possession of, and exercises absolute dominion over, the entire leased premises, in the absence of any reservation or exceptions expressed in the contract. We need not stop to cite authorities in support of this familiar proposition.

The only Indiana case cited by appellant upon the proposition that the complaint was insufficient to withstand a demurrer is *Purcell* v. *English,* 86 Ind. 34, 44 Am. Rep. 255. That case is not decisive of the question here involved for two reasons: (1) In that case the injury resulted to the tenant by reason of a temporary covering of snow and ice on a stairway leading to her apartments, which obstruction was open and obvious, and for which the landlord was not in any way responsible. (2) The question here involved was not an issue in that case, and the court expressly said that it was not decided, and used the following language: "Whether a landlord hiring apartments to many tenants is liable for latent defects, or for fault of construction, or for permanent defects in the common passageways, we do not decide." The facts in the Purcell case were so dissimilar to the facts stated in the complaint before us that the decision there does not necessarily declare the law applicable to the facts here. The authorities are not in harmony, but the weight of them declares the rule to be that where the landlord leases separate portions of the same building to different tenants, and reserves under his control those parts of the building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he so reserves control. 18 Am. & Eng. Ency. Law (2d ed.), 220; *Phillips* v. *Library Co.,* 55 N. J. L. 307, 27 Atl. 478; *Alperin* v. *Earle,* 55 Hun 211, 8 N. Y. Supp. 51; *Rouillon* v. *Wilson,* 29 Hun App. Div. 307, 51 N. Y. Supp. 430; *Karlson* v. *Healy,* 38 Hun App. Div. 486, 56 N. Y. Supp. 361; *Blake* v. *Fox,* 17 N. Y. Supp. 508.

We quote the following from 18 Am. & Eng. Ency. Law (2d ed.), 220: "Thus it is held by the weight of authority that an implied duty is imposed upon the landlord to keep in repair common passageways and approaches retained under his control and used by the several tenants as

the means of access to the portion of the premises demised to them, and that the landlord is liable for injuries received by a tenant because of the landlord's negligence in performing his duty. * * * The character of the liability has been said to be the same as that of any owner of real estate who holds out invitations or inducements to others to use his property, to exercise reasonable care and skill to render the premises reasonably fit for the uses which he has invited or induced others to make of them." This is the rule in England, Maine, Massachusetts, New Jersey, New York, Ohio, Pennsylvania, and Missouri. The authorities are all collected and cited in a note following the above extract, and it is useless to cite them here.

This court in the case of *Hamilton* v. *Feary*, 8 Ind. App. 615, 52 Am. St. 485, discussed fully the general rule of a landlord to keep in repair leased premises, and to what extent he became liable for injury to a tenant by reason of defects, and then said: "To this general rule there are, however, several exceptions. Thus the landlord is liable where the premises contain some hidden defect or defects, or are infected with some noxious disease, rendering them dangerous or uninhabitable, and of which dangerous element or defects the landlord had some knowledge or information, but which were not open to the view of the tenant and of which he was ignorant or uninformed. And so the landlord is answerable where he controls or retains possession of a portion of the premises, or a portion is used in common by two or more tenants, and an injury occurs through some negligence or fault of the landlord upon that portion over which he has the control or which is used in common."

In a well-considered case the supreme court of Maine, upon facts similar to those at bar, decided the exact question before us, and held that the owner of several tenements leased to different tenants, with one stairway or passageway for the accommodation of all, and used in common

by them, was, in the absence of an express agreement to the contrary, in possession of such passageway, and bound to keep it in repair at his own expense, and was liable to a tenant for an injury happening through a defect therein, where the tenant was without fault. *Sawyer* v. *McGillicuddy,* 81 Me. 318, 17 Atl. 124, 3 L. R. A. 458, 10 Am. St. 260. In that case the court said: "He [the landlord] was the owner of the tenements, and kept them for the purpose of profit. But to insure that, there must be some means of access to them. He preferred to make one passageway for all, rather than one for each. This was an invitation, an inducement for all who needed such accommodation, to come and pass over this passageway. It was a way provided for them to pass over precisely as a man provides a way for his customers to get to his place of business, and the same implied covenant to keep in safe and convenient repair must exist as much in one case as in the other." While there is some conflict in the decisions, real or apparent, the preponderance of authority is in harmony with the rule declared in the Maine case. In Massachusetts the question seems to have been definitely settled in accordance with that ruling. The same principle runs through all the cases—that the obligation to repair, in the absence of any express agreement, depends upon the right of possession, and that an appurtenant attached to and made for the accommodation of several different tenements leased to different tenants remains in the possession of the lessor, though the use of it goes to the lessees. *Sawyer* v. *McGillicuddy, supra.*

The case of *Inhabitants of Milford* v. *Holbrook,* 9 Allen (Mass.) 17, 85 Am. Dec. 735, was where an awning was made for and attached to a block containing three shops leased to different tenants. It was there held that though all had the use of the awning, yet the possession remained in the landlord, and he was liable for any defects in it.

LaPlante *v.* LaZear.

The case of *Shipley* v. *Fifty Associates,* 101 Mass. 251, 3 Am. Rep. 346, was where an entire building was leased to different persons in tenements under leases requiring them to make repairs; and yet it was held that the possession of the roof, however necessary to all, was not conveyed to any one of the tenants, nor to all jointly, and was therefore left in the owners, who were liable for new repairs.

*Readman* v. *Conway,* 126 Mass. 374, is also in point. That was where three tenements, with a platform in front of all, were leased to different persons. It was held that there was no presumption, in the absence of an agreement to that effect, that the tenants were to keep the platform in repair; that neither tenants required any exclusive right to use or control the part in front of his shop; and that there was no such leasing of the platform as would exonerate the landlord from responsibility for defects in it.

In the case of *Looney* v. *McLean,* 129 Mass. 33, 37 Am. Rep. 295, it was held that where a landlord lets rooms in a building to different tenants, with a right of way in common over a staircase, he is bound to use reasonable care to keep such staircase in repair, and for failure to do so he became liable for injuries resulting from defects, provided the tenant was in the exercise of due care.

In *Coupe* v. *Platt,* 172 Mass. 458, 52 N. E. 526, 70 Am. St. 293, it was held that a landlord who maintains outside steps and platform for the use in common for different parts of the building, and a visitor to one of the tenants, expressly invited by the tenant to come on a particular day for a particular purpose, is injured by a defect in the platform while passing over it, the landlord was answerable, for the visitor was using the platform in the tenant's right. The same rule is applied to a stairway which is kept and used in common by different tenants. *Sawyer* v. *McGillicuddy, supra.* See note to *Lindsey* v. *Leighton,* 15 Am. St. 201; Notes to *Poor* v. *Sears,* 26 Am. St. 272;

*Nalley* v. *Hartford Carpet Co.,* 50 Am. Rep. 47; *Donohue* v. *Kendall,* 50 N. Y. Super. Ct. 386; *Camp* v. *Wood,* 76 N. Y. 92, 32 Am. Rep. 282.

In the case of *Payne* v. *Irvin,* 144 Ill. 583, 33 N. E. 756, it was held that the landlord was required to keep in repair that portion of the building over which he retained control for the protection of all persons, including his tenants.

Our attention has been called to cases in support of appellant's contention, but they are not sufficient to overcome the authorities of the numerous cases here cited. Some of those cases hinge upon temporary obstructions, such as accumulations of snow, ice, etc., and the principle there involved is not applicable to the facts here pleaded. The better reason and sounder principle are with the cases in support of appellee's contention. Each paragraph of the complaint was sufficient to withstand a demurrer.

Under the motion for a new trial two questions are discussed, viz.: (1) That the evidence is not sufficient to support the verdict; and (2) that the trial court erred in giving and refusing to give certain instructions. We can not disturb the judgment upon the evidence, for the reason that there is some evidence in the record to sustain it.

The parties each timely rendered to the court written instructions, and requested that they be given to the jury. To all of the instructions tendered by the appellee, which the court gave, the appellant objected and excepted. To the refusal to give some of the instructions tendered by appellant, she objected and excepted, and to all the instructions given by the court on its own motion, appellant excepted. Out of the numerous instructions so given and refused, counsel have discussed three and six, given by the court on its own motion; two, five, and nine, tendered by appellee and given; and nine and sixteen, tendered by appellant and refused. All of these instructions except nine and sixteen are in harmony with the authorities cited and the rule de-

clared in what we have said in holding the complaint sufficient, and were applicable to facts disclosed by the evidence. In giving them the court correctly stated the law, and it is useless to review the authorities in support of them. Instruction number nine, tendered by appellant, was not pertinent to the issues nor applicable to the facts, was antagonistic to the rule above declared, and hence it was rightly refused. Number sixteen, while it may correctly state an abstract proposition of law applicable to ordinary tenancies, does not state the law under the issues and facts in this case, and was properly refused.

Judgment affirmed.