Hannah Rankin, Respondent, *v.* Ittner Realty Company, Inc., Appellant.

Negligence — landlord and tenant — fall from slipping on steps — failure of evidence to show negligence on the part of landlord.

Where, in an action, tenant against landlord, to recover for personal injuries, plaintiff testified that she left her apartment between two and three o'clock in the afternoon; that as she was going down the steps to the sidewalk she slipped and fell; that on the morning of the day the accident occurred it was raining and it looked to her as if the rain, as it fell on the steps, was freezing; that there had been ice upon the steps prior to the time she fell; that in her judgment that ice had been there four or five hours, but she had not been out of her apartment after eight o'clock in the morning until she fell, and there is no other evidence as to how long the ice had been on the steps or that defendant or its representative had any notice thereof, and defendant showed by testimony of an official from the Weather Bureau that on the day of the accident the temperature ranged from twenty-four to forty-three degrees above zero; that at the hour of the accident it registered thirty-seven; that it began to rain about noon and that

there was no rain in the morning when the temperature was below freezing, the complaint should have been dismissed or a verdict directed in defendant's favor, there being nothing to submit to the jury on the question of its negligence.

*Rankin* v. *Ittner Realty Co.*, 215 App. Div. 73, reversed.

(Argued April 1, 1926; decided April 7, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 30, 1925, affirming a judgment in favor of plaintiff entered upon a verdict.

*Murray G. Jenkins, William B. Shelton* and *William Dike Reed* for appellant. The denial of the motions to dismiss the complaint by the trial judge was erroneous, inasmuch as the plaintiff failed to prove any negligence or notice of negligence on the part of the defendant. (*Gianpoala* v. *Paoli,* 129 N. Y. Supp. 180.)

*Herman Silverman* for respondent. It was not error to deny the motions to dismiss the complaint, in that the plaintiff made out a cause of action by ample and competent testimony. (*Weston* v. *N. Y. Elevated R. R. Co.,* 73 N. Y. 595.)

McLAUGHLIN, J. Action to recover for personal injuries alleged to have been sustained by the plaintiff as the result of slipping on steps leading into an apartment where she lived. The defendant offered no evidence except the testimony of Mr. Scarr, who was Director of the United States Weather Bureau in New York city. The judgment of the Appellate Division was not unanimous (two of the justices dissented).

There is absolutely no evidence, as I read this record, of any negligence on the part of the defendant. The plaintiff testified that she left her apartment between two and three o'clock in the afternoon of January 4, 1922; that as she was going down the steps to the side-

walk she slipped and fell; that on the morning of the day the accident occurred it was raining and it looked to her as if the rain, as it fell on the steps, was freezing; that there had been ice upon the steps prior to the time she fell; that in her judgment that ice had been there four or five hours, but she had not been out of her apartment after eight o'clock in the morning until she fell.

There is no proof in the record from anybody as to how long the ice had been on the steps, or that the defendant or its representative had any notice whatever that there was ice on the steps. Mr. Scarr, who had charge of the weather bureau in the city of New York, testified that, according to his records, the lowest temperature on the day the accident occurred was twenty-four degrees above zero and that the highest temperature was forty-three degrees; that at three o'clock in the afternoon, the time when the plaintiff testified the accident occured, the thermometer registered thirty-seven degrees above zero. He further testified that it began to rain about noon; that there was no rain in the morning when the thermometer was below freezing.

There was nothing, as I read the record, to submit to the jury on the question of defendant's negligence. The complaint ought to have been dismissed, or the jury directed to render a verdict in defendant's favor. The Appellate Division was, therefore, wrong in affirming the judgment in favor of the plaintiff, entered on verdict. The judgments of the Appellate Division and of the trial court should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE and LEHMAN, JJ., concur; ANDREWS, J., absent.

Judgments reversed, etc.