In the Matter of Proving the Last Will and Testament of JOHN LETTIERI, Deceased.— Decree affirmed, with costs payable out of the estate. Memorandum: The only issue in this case is one of fact. Contestant urges that the signature to the will was a forgery and the decided weight of evidence supports the surrogate's finding that the signature was not a forgery. All concur. (The decree overrules contestant's objections and admits a will to probate.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

HERBERT W. STUART, as Administrator, etc., of MARION E. STUART, Deceased, Appellant, v. CARL G. SCHWAN and ROBERT J. MIACHLE, Respondents.— Judgment and order affirmed, with costs. All concur, except Dowling, J., who dissents as to the defendant Miachle and votes for reversal as to him and for a new trial on the ground that the verdict as to said defendant is contrary to and against the weight of the evidence. (The judgment is for defendants in an action for damages for the death of plaintiff's intestate, alleged to have resulted by reason of negligent and unskillful treatment. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

IRMA REED LOCKE, Respondent, v. THE STATE OF NEW YORK, Appellant. (Claim No. 24936.) — Judgment affirmed, with costs. All concur. (The judgment awards damages for alleged flooding of claimant's farm caused by negligent construction of culvert.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

EMILY HALLOCK, Respondent, v. GEORGE T. BALLACHEY and DEXTER P. RUMSEY, Surviving Executors and Trustees, etc., of EVELYN RUMSEY CARY, Deceased, Appellants.— Judgment and order reversed on the law and the facts, with costs, and complaint dismissed, with costs. Memorandum: A careful consideration of the evidence in this case leads to the conviction that, considering the nature of the weather at the time of the accident, and considering the care used in the maintenance and care of the porch roof, there was no condition of defendants' porch and steps that could be called negligent. A hand rail was provided for plaintiff's use which had it been used would have obviated such danger as the slight amount of snow and ice on the steps presented. It is unreasonable to expect sidewalks and outside steps to be kept entirely free from snow and ice in this climate in the winter time. (Rankin v. Ittner Realty Co., Inc., 242 N. Y. 339; Shaw v. Irving Trust Co., 274 id. 632; Bressler v. Rule Realty Co., Inc., 219 App. Div. 529; affd., 248 N. Y. 619; Dinegar v. Sweeney, 253 App. Div. 781; affd., 279 N. Y. 591; Brennan v. City of New York, 130 App. Div. 267; affd., 197 N. Y. 544.) All concur. (The judgment is for plaintiff in a negligence action. The order denies a motion for a new trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

MACIE WOOLDRIDGE, Appellant, v. HOLLIS MILLER, Respondent.— Order affirmed, without costs of this appeal to either party. All concur, except Lewis, J., who dissents and votes for reversal and reinstatement of the verdict. (The order sets aside the verdict of a jury in favor of plaintiff and grants a new trial in an automobile negligence action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.