HILLER *et al. v.* WILEY.

(In Banc. Feb. 23, 1942.)

[6 So. (2d) 317. No. 34762.]

**Brandon & Brandon,** of Natchez, for appellee, on suggestion of error.

**Engle & Laub**, of Natchez, for appellant, in reply to suggestion of error.

492

**Alexander, J.**, delivered the opinion of the court on suggestion of error.

The former opinion followed the emphasis placed upon the issue whether, in the absence of a special agreement, a landlord is liable for injuries suffered by a tenant due to defects in the demised premises. In line with the principles announced in Rich v. Swalm, 161 Miss. 505, 137 So. 325, and McDonald v. Wilmut Gas & Oil Co., 180 Miss. 350, 176 So. 395, we held that there was no liability on the part of the landlord.

The suggestion of error calls attention to, and now adequately stresses, a factual situation formerly obscured by the discussion of the legal principles. Our attention is now specially directed to the testimony which discloses that the property occupied by the appellee as a tenant was a double house; that is, part thereof was leased to another tenant; but there was a common approach, and a single set of front steps available for use by all tenants and by the landlord. Under these circumstances it is clear that the landlord, not only for convenience but of necessity, retained control over, and hence responsibility for the reasonable upkeep of, the steps, and is liable for a failure to use reasonable care to keep them reasonably safe. Roman v. King, 289 Mo. 641, 233 S. W. 161, 25 A. L. R. 1263; Gibson v. Hoppman, 108 Conn.

401, 143 A. 635, 75 A. L. R. 148; Burelle v. Pienkofski, 84 N. H. 200, 148 A. 24; Rice v. Ziegler, 128 Ohio St. 239, 190 N. E. 560; Sawyer v. McGillicuddy, 81 Me. 318, 17 A. 124, 3 L. R. A. 458, 10 Am. St. Rep. 260; La Plante v. La Zear, 31 Ind. App. 433, 68 N. E. 312; Rankin v. Ittner Realty Co., 242 N. Y. 339, 151 N. E. 641; Brewer v. Silverstein (Mo. Sup.), 64 S. W. (2d) 289; A. L. I., Torts, Sec. 360; 32 Am. Jur., Landlord and Tenant, Sec. 688. The jury found that the appellants were guilty of negligence in this respect.

In the response of appellants to the suggestion of error dependence is placed upon Jones v. Millsaps, 71 Miss. 10, 14 So. 440, 441, 23 L. R. A. 155. This case does not involve the duty of the landlord to keep in repair a common way, but merely the principles announced in Rich v. Swalm, supra. However, the Court impliedly recognized the principle of the master's duty over a common stair or way by the following language: ''The case of Looney v. McLean, 129 Mass. 33 [37 Am. Rep. 295], held that a landlord who lets rooms in a tenement house to different tenants, with a right of way in common over a staircase is bound to keep such staircase in repair; but that is not the case at bar.''

It is our conclusion that the former opinion, having been based upon assumptions which have been found to be not in accord with the now fully developed facts, should be withdrawn, and it is so ordered. Although some of the instructions on both sides misconceived the controlling issue, we find no reversible error herein. It results, therefore, that the judgment of the trial court based upon a verdict of the jury in appellee's favor must be affirmed.

Suggestion of error sustained and judgment affirmed.