EGGERS *v.* WRIGHT AND AM. FLETCHER NAT'L BANK, ETC., CO-EXEC. OF THE ESTATE OF HORACE O. WRIGHT, JR.

[No. 20,652. Filed September 16, 1968. Rehearing denied September 30, 1968. Transfer granted March 12, 1969.]

*John F. Raftery* and Gerald E. Stinson, of Indianapolis, for appellant.

*Richard Smith, John T. Hume III,* of Indianapolis, *John A. Kendall,* of Danville, and *Smith and Jones,* of Indianapolis, and *Stevenson, Kendall and Stevenson,* of Danville, of counsel, for appellees.

SMITH, J.—On September 30, 1966, Appellees filed herein a motion to dismiss this appeal, and on June 14, 1967, Appellees filed a motion to dismiss or affirm this appeal. The

rulings on said motions were held in abeyance until the final disposition of this appeal. It is our opinion that both of said motions be overruled and that the appeal be disposed of on its merits.

This appeal involves an action for damages sustained by the appellant, Myrtle M. Eggers. The complaint prayed for damages growing out of personal injuries sustained by the appellant. The complaint alleged in substance that she fell when she stepped on a defective bottom step of a fire escape which was attached to the apartment building in which she was a tenant, and which was used as a means of ingress and egress by the tenants of the apartment building.

The issues were formed by the appellant's complaint and the answers of appellees thereto pursuant to Rule 1-3 of the Supreme Court of Indiana. The complaint alleged the following acts of negligence on the part of the appellee-landlord, Robert H. Wright, as follows:

1. The appellee-landlord, Robert H. Wright, failed to make a reasonable inspection of the premises to determine the condition of the step which gave way when the appellant stepped upon it.

2. The appellee-landlord, Robert H. Wright, failed to inspect and repair the defective step which gave way and caused the appellant's accident; and that said step which caused the appellant to fall was defective and rusted out.

3. The appellee-landlord, Robert H. Wright, either knew, or should have known, of the dangerous and hazardous condition of the step which gave way and caused the appellant to fall.

The appellees' answer was in the nature of a general denial, and set out affirmatively that a reasonable inspection of the step in question would not have disclosed its defective condition. The answer specifically denied that the appellee-landlord, Robert H. Wright, had either actual or constructive knowledge of the defective step.

The issues as formed ware submitted to the court for trial without intervention of a jury. The trial court rendered special findings of fact and conclusions of law and judgment for the appellees, which special findings of fact and conclusions of law are as follows:

"The Court finds the facts specially as follows:

"1. Horace O. Wright, Jr., died testate on November 7, 1965.

"2. On November 9, 1964, American Fletcher National Bank and Robert H. Wright were duly appointed and qualified as co-executors of the estate of Horace O. Wright, Jr., by the Marion County Probate Court of Indiana. The co-executors have continued to serve in this capacity ever since.

"3. For some time prior to November 21, 1961, Myrtle M. Eggers was a tenant in a certain apartment building owned and operated by Horace O. Wright, Jr. which was located at 441 South Pine Street, Indianapolis, Marion County, Indiana.

"4. A metal fire escape, used in common by all tenants, was attached to the outside rear wall of the apartment building. Each metal step of the fire escape was bolted or riveted to an angle iron at each side of the step. The angle irons were also bolted or riveted to certain side plates of metal which are called 'stringers.' The vertical portion of each angle iron was flush with the surface of each stringer. The shaft of each belt or rivet which held the angle iron to the stringer was completely concealed by the width of the angle irons and the width of the stringers.

"5. On November 21, 1961, Myrtle M. Eggers was descending upon the fire escape from her second story apartment. When Myrtle M. Eggers stepped upon the bottom step of the fire escape, the side of the step toward the apartment building dropped down, thereby causing Myrtle M. Eggers to twist her body and sustain personal injuries. The shaft of the bolt which held the angle iron to the stringer broke as a result of rust coupled with the weight of Myrtle M. Eggers.

"6. *The defect which caused the step to drop was a latent or hidden defect which could not have been discovered by a visual inspection* (emphasis supplied).

"7. Horace O. Wright, Jr. had no personal knowledge of the condition of the bottom step of the fire escape at any time prior to Myrtle M. Eggers' injuries.

"8. For some time prior to November 21, 1961, this bottom step has been used by other tenants on numerous occasions without incident.

## CONCLUSIONS OF LAW

"The Court concludes that the law is with the Defendants:

"1. On November 21, 1961, Myrtle M. Eggers was an *invitee or business licensee* on the premises of the apartment building owned and operated by Horace O. Wright, Jr. (emphasis supplied).

"2. Horace O. Wright, Jr. was under duty to Myrtle M. Eggers to exercise reasonable care in maintaining the entire apartment building, including the fire escape.

"3. Myrtle M. Eggers failed to prove, by a preponderance of the evidence, that the defect in question was discoverable through the exercise of reasonable care.

"4. Myrtle M. Eggers failed to prove, by a preponderance of the evidence, that the defect in question existed for an unreasonable period of time prior to November 21, 1961.

"5. On the Plaintiff's First Amended Complaint, judgment should be entered for the defendants and against the plaintiff."

The appellant contends that the now deceased landlord, Horace O. Wright, Jr., retained dominion and control over the stairway upon which the appellant fell; and that such stairway was not leased to anyone but rather was retained by said appellee-landlord for a common means of ingress and egress for tenants, custodians, deliverymen, and guests of tenants. The appellant further contends that by virtue of said appellee-landlord's retention of dominion and control over such common stairway, he rendered himself liable to anyone not a trespasser or mere licensee if he failed to repair, inspect, or maintain such common stairway if such person was injured as a proximate result of such negligent omission on his part.

In answer to these contentions, the appellees maintain that they are exonerated from liability on the ground that a reasonable inspection by the appellees would not have disclosed the defect in question; and that such defect was latent and could not have been detected by visual inspection of the stairway in the exercise of reasonable care.

The appellant maintains that no state by its judicial decisions has been found which holds that a defendant-landlord who has retained dominion and control over undemised common stairways can avoid liability to a tenant when he has both *actual and constructive* notice of a dangerous condition of such premises, especially when he thereafter neglects and omits to inform such tenants of said dangerous condition of the premises. The appellant further contends that in the case at bar the appellee-landlord, Horace O. Wright, Jr., had actual notice as well as constructive notice, through his agent, employee and custodian, that the step in question was defective, because he was informed by his said agent, employee and custodian some six weeks to two months prior to the time of the appellant's accident that another party had fallen on another step of the same stairway as the result of a rusted bolt which broke loose from its anchored position to the building; that notwithstanding such actual and constructive notice, which should have placed the appellee-landlord, Horace O. Wright, Jr., on notice, the appellee-landlord not only failed to repair the remainder of the steps but he never visited the premises to make an inspection of the defective stairway.

The record evidence in substance discloses the following facts:

(1) On direct examination of appellant, she testified that she lived in Apartment 3 at 441 South Pine Street, Indianapolis, Marion County, Indiana, at the time she suffered the accident described in her complaint.

(2) That she fell when the bottom step gave way.

(3) That the appellant saw other tenants as well as the custodian and his wife at various times walking on the fire escape.

(4) That the step which broke and caused her to fall was "rotted through" or "rusted out" and that there was rust on the building where the metal bar went into the brick, not only in connection with the step in question, but in connection with other steps.

The direct examination of Lewis Driskell, a witness for the appellant, established that he was a former custodian in the apartment building in question. He testified that he was instructed by the appellee-landlord, Horace O. Wright, Jr., to make repairs, collect rents, lease apartments and forward all bills incurred for the purchase of materials which he used to repair the apartment building to the said appellee-landlord. He testified that he had seen other tenants walk up and down the stairway in question on numerous occasions and that he had done so himself. He stated that he never warned any tenants not to walk up or down the flight of stairs in question, and that he was never instructed by the appellee-landlord, Horace O. Wright, Jr., in his capacity as an employee, to warn said tenants not to walk up and down said stairway. He said that he learned of appellant's accident when he came home from work on the date of the accident; that he called the appellee-landlord, Horace O. Wright, Jr., and was instructed by him to block off the step in question; that he used rope for the purpose of blocking it off; that it was blocked off for a week or ten days; and that he himself personally repaired the defective step. He stated that the bolts and stringers on the step in question had rusted out; and that approximately six weeks to two months before appellant's accident, another person was on the same flight of steps and that a step broke as a result of a bolt's rusting out and breaking. He said that the step which gave way under appellant broke because of rusted bolts. He further stated that the only time he and the now deceased Horace O. Wright, Jr., the land-

lord of the building at the time of the accident, ever inspected the steps of the stairway was when the step at the bottom broke. He stated further that he had never been instructed by the said appellee-landlord to make an inspection of the stairway and that, as to the step which had broken with the other party some six weeks to two months before appellant's accident, he had notified Horace O. Wright, Jr., concerning the accident about a week after the step broke.

On cross examination this same witness, Lewis Driskell, testified that his son, Harold, had died; that he and his son took care of the maintenance of the apartment building in question; and that his son was on the payroll of the landlord, Horace O. Wright, Jr., at the time of the son's death. He further stated on cross examination that he didn't know whether the steps of the stairway had been painted; and that the color of the steps was black and rust. He stated further that there was nothing that apprised him of the fact that the bolt or rivet was rusted out between the channel and the stringers on the bottom step before the accident of the appellant, *because he never had inspected said step.*

Robert H. Wright, a party appellee, testified that he was associated with his father in the real estate business from 1956 until the death of his father. He stated that he accompanied his father on occasions when they visited the apartment on Pine Street and that his father would make an inspection of the building. He stated that he examined the fire escape in question on the second day of the trial, on June 29, 1965, and that he inspected the steps of the stairway on the morning of the second day of the trial. He stated that he had seen the steps of the stairway when he visited the apartment shortly after the appellant's accident and that he noted no material change from that time until he inspected them on the second day of the trial.

On cross examination, the witness, appellee Robert H. Wright, stated that he did not recall having been at the apartment house in question in November of 1961, and that

he did not know the condition of the step at the time of appellant's accident. *He stated further that during his inspection of the premises on the second day of the trial he was able to look up under the stairs and see the bolts and rivets; and that it was not difficult for him to make such an inspection.*

After the trial was completed a certain deposition was admitted into evidence by the court. The deposition was that of Helen Irene Hill, an ex-employee of the now deceased Horace O. Wright, Jr. She stated in her deposition that she was a bookkeeper for Horace O. Wright, Jr., and that Harold Driskell, the son of Lewis Driskell, received compensation for maintenance services from Horace O. Wright, Jr., from January, 1960, through May, 1962, and that Lewis Driskell received compensation for such services from June, 1962, through October of 1962.

After the completion of the trial, but before the deposition of Helen Irene Hill was taken or admitted into evidence, the appellees filed their verified application to re-open the trial for the introduction of additional evidence on the ground that Lewis Driskell was not the custodian of the Pine Street apartments until June of 1962, being more than six months after the accident suffered by the appellant. The trial court, after argument, finally re-opened the trial, and admitted into evidence and published the deposition of Helen Irene Hill.

The court then made special findings of fact and stated conclusions of law thereon, which have heretofore been set out in this opinion. In substance, the trial court's findings of fact stated that the bolts and rivets on the steps of the stairway in question were completely concealed; that the bolt which broke when appellant stepped upon the step in question gave way because it was rusted and because of the weight of the appellant; that the defect which caused the step to break was a latent or a hidden defect which could not have been discovered by a visual inspection; and that Horace O. Wright,

Jr., had no personal knowledge of the condition of the bottom step of the fire escape at any time prior to appellant's accident.

The court's conclusions of law are in substance that the appellant was an invitee or business licensee at the apartment owned and operated by Horace O. Wright, Jr., on the day the appellant suffered her accident; that said Horace O. Wright, Jr., was under a duty to appellant to exercise reasonable care in the maintenance of the entire apartment building, including the fire escape; that the deceased appellee-landlord, Horace O. Wright, Jr., failed to prove by a preponderance of the evidence that the defect in question could have been discovered through the exercise of reasonable care; that the appellant failed to prove by a preponderance of the evidence that the defect in question existed for an unreasonable period of time prior to the time of the accident suffered by the appellant.

Specification 1 of the motion for a new trial is the only specification of error we are called upon to decide in this appeal. This specification states in substance that the decision of the court is contrary to law, and also raises the question of the sufficiency of the evidence. The assignment of error that the decision of the court is contrary to law and the question of the sufficiency of evidence raises substantially the same question, and they will be grouped and decided in this opinion as one and the same error. Appellant maintains that the decision of the trial court is contrary to law because the law affirmatively places landlords on constructive notice in any event. Burns' Indiana Statutes Annotated, § 20-423, reads as follows:

> "Every employer and every owner of a place of employment or a public building now or hereafter constructed shall so construct, repair or maintain such place of employment or public building, and every architect, engineer or any one who designs a building shall so prepare the plans and specifications for the construction of such

place of employment or public building, as to render the same safe and sanitary, in accordance with the rules and regulations as promulgated by the administrative committee."

Our court in the case of *Fechtman v. Stover* (1964), 139 Ind. App. 166, 199 N. E. 2d 354 (T. D. 1966), held that this statute did not impose a civil liability on a landlord as the same is a penal statute and within the reasonable exercise of the police power; however, the court stated, the statutory language at least places a landlord on constructive notice of defects such as the defective step in the instant case, and a landlord is, therefore, at least chargeable with such constructive notice. The appellant further maintains that the facts of the instant case go even further in demonstrating actual notice to the now deceased landlord, Horace O. Wright, Jr.; that said landlord's employee, agent and custodian, Lewis Driskell, testified that approximately six weeks to two months before the appellant suffered her accident, another party was on the same flight of stairs, although not on the same step which caused the appellant to fall, and that another step broke under said other party as a result of rusted bolts. That the testimony of Lewis Driskell both as to actual notice which he gave to the landlord, Horace O. Wright, Jr., concerning the broken step which gave with the third party heretofore referred to, is supported by an affidavit in which he stated as follows:

"I was custodian at Pinex Apartments from the spring of 1959 to June 8, 1963, and had many occasions to talk to Horace Wright concerning repairs to the building as well as the general upkeep and maintenance of the building. I know of a step breaking with Don Schaekels a few months before the step broke with Mrs. Eggers and told Mr. Wright about both of the breaks. I repaired or helped repair both breaks."

It is our opinion that the uncontradicted evidence in this case is that the now deceased landlord, Horace O. Wright,

Jr., did have personal knowledge of the hazardous condition of the step upon which the appellant fell and that he was chargeable with constructive notice both by virtue of the statute cited, *supra,* and the knowledge of his agent and employee, Lewis Driskell; and therefore it is perfectly clear that there was insufficient evidence, and, indeed, no evidence upon which the court could possibly have found in Finding of Fact No. 7, the following fact:

"Horace O. Wright, Jr. had no personal knowledge of the condition of the bottom step of the fire escape at any time prior to Myrtle M. Eggers' injury."

It is rather difficult to rationalize such finding of fact made by the court by a careful review and consideration of the evidence. It is further our opinion that the question could properly be raised under the assignment of error that the court's decision was contrary to law. *App v. Class* (1947), 225 Ind. 387, 75 N. E. 2d 543.

From a review of the testimony of Lewis Driskell, the agent and employee of the deceased landlord, Horace O. Wright, Jr., at the time the appellant suffered her accident, we believe that the defect was not latent since Driskell stated the color of the steps was black and rust. It seems quite apparent that any reasonable inspection of the step in question should have placed the landlord on notice. Thus, it is apparent to us that the appellant has proved the failure of the appellee-landlord to make a reasonable inspection of the stairway, because if he had made the inspection he would have seen the defective condition of the step. Or, in the alternative, if the landlord did make a reasonable inspection, he must have seen the defective condition of the step and did nothing about it. Therefore, we feel he failed to maintain and repair after he had notice of the dangerous and hazardous condition of the steps of the stairway.

It is further our opinion that it is particularly significant that the appellee-landlord, Robert H. Wright, answered two

questions put to him by the counsel of the appellant, to the effect that he was able to look up under the stairs and see the bolts or rivets, and that it was *not difficult* for him to make such an inspection. It certainly seems to us that, with such evidence, particularly the evidence of Robert H. Wright, the trial court could not under any stretch of his imagination properly have found as a fact that the defect which caused the fall of the appellant was *latent and not subject to visual inspection.*

It is elemental that the finding of fact of the latent defect upon which the conclusion of law was predicated renders both the finding of fact and the conclusion contrary to law.

The decision of the court is contrary to law for the further and additional reason that it could not have properly found from the evidence that the defect in question was not discoverable by the exercise of reasonable care, nor could the court have found from the evidence that a reasonable period of time had not elapsed prior to November 21, 1961, when the uncontradicted testimony of Lewis Driskell was to the effect that he had notified the landlord, Horace O. Wright, Jr., he had given actual notice to said landlord that a step on the same stairway where the appellant fell had broken with a third party and that such notice was given five to eight weeks prior to the appellant's fall on the same stairway. There simply could not be any question but what the landlord, Horace O. Wright, Jr., *actually* and *constructively* knew of the potential danger represented by a broken step which caused a third party to fall some six weeks to two months prior to the fall of appellant. The appellees presented no testimony to the effect that the appellant, or any other tenant, was notified of the dangerous condition of this stairway even though the landlord, Horace O. Wright, Jr., most certainly knew of the defect. We feel that the landlord, Horace O. Wright, Jr., rendered himself liable to anyone not a trespasser who might fall on steps due to the land-

lord's neglect and failure to maintain and repair such steps after actual notice of the defective condition of the steps.

It is the law in this state that if the landlord knows of some hidden defect in the leased premises of which the tenant is ignorant, the obligation rests on the landlord to give notice of such defect to the tenant, and he is liable for injuries arising from the failure to give such notice. See *Guenther v. Jackson* (1922), 79 Ind. App. 127, 137 N. E. 582.

It is quite evident from the undisputed evidence that this appeal does not involve a factual situation where the tenant or anyone else in possession of a leasehold had any dominion or control over the premises in question. In the case at bar the dominion or control of the stairway was retained by the landlord, Horace O. Wright, Jr., for the purpose of providing a means of ingress and egress in common for invitees and business licensees.

The appellant relies heavily on the case of *LaPlante v. LaZear* (1903), 31 Ind. App. 433, 68 N. E. 312, and the cases cited therein. This case appears to present facts analogous to the facts in the case at bar. In the *LaPlante* case the tenant stepped on a step which broke and caused her to fall. The underside of the step which broke was decayed and was unfit for the purpose for which it was used. The tenant was unable to see the defect. There was another step which was broken and had been broken for three days. It was to avoid the broken step that the tenant stepped on what she thought was a good step, but which later proved to be defective, and rotted out on its underside. In the *LaPlante* case it was apparent that neither the tenant nor the landlord knew of the latent defect, but the court held that the tenant was nevertheless entitled to recover on the ground that the landlord knew the step was out of repair, or could have known it by the exercise of ordinary care and diligence; and that the landlord was negligent and careless in not having the step in good and safe repair for

the tenants who were required to use the steps as a means of ingress and egress. In the *LaPlante* case it was the theory of the tenant, which resulted in her recovery and which this court affirmed, that the tenant was unable to know of the condition of the step which broke because the steps were enclosed and the tenant could not see the underside of the steps. It, therefore, is our opinion that the *LaPlante* case parallels the case at bar and suggests that the court's conclusion of law would be erroneous although based upon a finding of fact that the step in question in the case at bar had a latent defect which neither the tenant nor the landlord was aware of.

It is our opinion that the court should consider what quantum of reasonable care is required when a landlord *is not on notice,* and what quantum of reasonable care is required when he *is on notice* and that they are two different matters. The landlord, Horace O. Wright, Jr., was under a greater duty to inspect, maintain and repair the step upon which the appellant fell if he had notice, both *actual* and *constructive,* of the dangerous condition of the step in question. What reasonable care is under such circumstances varies and depends upon the particular circumstances of each given case. Horace O. Wright, Jr., the now deceased landlord, should have been put on his guard by the *actual* and *constructive* notice of a step of the same stairway having been broken some six weeks to two months prior to the fall of the appellant. He should have visited the apartment house and the premises and should have made a very close and careful inspection of the steps on the premises.

We are of the opinion that the decision and judgment of the trial court is contrary to law.

Judgment reversed with instructions to the trial court to grant a motion for a new trial.

Cook, P.J., Bierly and Pfaff, JJ., concur.

Note.—Reported in 240 N. E. 2d 79.