[No. 8106.]

## SPICER V. MACHETTE.

LANDLORD AND TENANT—*Liability of Landlord to Tenant.* No covenant of the landlord is implied, that the demised premises are safe or habitable, or will continue so; and in the absence of an express agreement the landlord is not liable to the tenant for injury to his goods, occasioned by the defective condition of the premises.

*Error to Denver County Court.* Hon. WILLIAM C. HOOD, Judge.

Mr. JOHN PAUL LEE and Messrs. ROBINSON & ROBINSON, for plaintiff in error.

Mr. H. A. HICKS and Mr. CHARLES ROACH, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

This action was instituted by the defendant in error before a justice of the peace in and for the City and County

of Denver, and hence there are no pleadings. Judgment was there rendered against the plaintiff in error in the sum of $13.50. Appeal was taken to the County Court, where the case was tried to the court without a jury.

The action was for recovery for the rent of certain rooms, in the sum of $13.50, and for damages to a skylight in the sum of $2.50. The defendant asked, by way of counter claim, damages to certain clothing and goods, by reason of injury thereto caused by rain coming through the defective skylight, which defect it was contended was occasioned by the decay of the wood frame work, which caused the heavy glass to break through.

Judgment was rendered in favor of the defendant in error on his counter claim in the sum of $90.50.

The judgment in favor of the defendant in error was based on his counter claim for damage to the goods, alleged to have occurred because of rain falling through the defective skylight.

It is contended by the plaintiff in error that under the facts of this case recovery cannot be had as a matter of law. The defendant in error. had occupied the leased premises as a place of residence for a year prior to the alleged damage to his goods, under a verbal lease from month to month. There is no evidence of any special agreement as to repairs. Under this state of facts the defendant in error was not entitled to recover.

There is no implied contract in a lease that the building let is well constructed, or safe, or reasonably fit for occupancy, or that it will continue in a habitable condition. *Davidson v. Fisher,* 11 Colo. 583, 119 Pac. 652, 7 Am. St. 267; *Thum v. Rhodes,* 12 Colo. App. 245, 55 Pac. 264.

In the absence of an express agreement to the contrary, if the tenant has equal means of information with his lessor, then his entry into defective or dangerous premises, or his continued occupancy thereof, and the consequent loss or

injury which he sustains, are attributable to his own negligence. In such case the rule of *caveat emptor* applies; he assumes the risk, and no liability attaches to the landlord. *Thum v. Rhodes, supra,* 24 Cyc. 1081.

*The judgment is reversed.*

GABBERT, C. J., and GARRIGUES, J., concur.