### HODGES v. HILTON.

(En Banc. May 27, 1935. Suggestion of Error Overruled July 24, 1935.)

[161 So. 686. No. 31618.]

Brandon & Brandon, of Natchez, for appellant.

Whittington & Brown, of Natchez, for appellee.

Argued orally by **Gerard Brandon,** for appellant.

**Cook, J.,** delivered the opinion of the court.

This suit, which is an attachment in chancery, was instituted in the chancery court of Adams county against the appellant, Mrs. A. J. Hodges, a nonresident of this state. The bill of complaint, as amended, alleged that the appellant was the owner of a two-story brick residence or building located in the city of Natchez, along the rear of which is an upstairs back porch, approximately fourteen feet above a brick floor on the ground level beneath the same; that, on or about June 1st, appellant leased said building to Mrs. Effie Barnes, and afterwards the appellee and her husband leased from Mrs. Barnes certain rooms on the second floor of the building, with the right to the use and enjoyment of the upstairs rear porch.

The bill further alleged that, at the time Mrs. Barnes leased the building, the said rear porch was in an unsafe and dangerous condition on account of the fact that the joists or supports beneath the floor of the porch were rotten, worm-eaten, and weakened, that at that time Mrs. Barnes notified the appellant of the dangerous and unsafe condition of the porch, and that, as part of the consideration for the rental of said property and as a part of the rental agreement, the appellant contracted, agreed, and bound herself to forthwith repair the porch and place it in a safe condition; but, notwithstanding her promise, duty, and obligation to repair said porch and make it reasonably safe for use, she wholly failed and neglected to do so.

The bill further alleged that on or about July 28, 1933, while the appellee was lawfully an occupant and tenant of such building, and while she was using said porch in the discharge of her household duties, as she had the right to do, a section of said porch and the floor thereof gave way on account of the rotten dangerous, and unsafe condition of the joists under it, thereby causing her to fall on the brick of the ground floor fourteen feet below, resulting in severe personal injuries to her.

It was further charged that, until she was injured, the appellee did not know, and by the exercise of reasonable care could not have known, of the unsafe and dangerous condition of the porch, that, at the time the appellee was injured, the appellant owed her the duty to have the said porch in repair and in a safe condition, but that, notwithstanding this duty and obligation, she wholly failed and neglected to have the porch repaired and made safe, and that, as a direct and proximate result of this failure and negligence, the appellee sustained the injuries complained of.

To the bill of complaint the appellant demurred on the ground that there was no equity on the face of the bill,

and also filed a further demurrer setting forth as the grounds thereof the following:

"(1) The bill of complaint states no cause of action against the defendant.

"(2) No right of action against this defendant in favor of the complainant is stated in the bill.

"(3) As shown by the allegations of the bill the defendant is not legally liable unto the complainant for injuries alleged by her to have been sustained, because there was no privity of contract between the complainant and defendant.

"(4) No actionable negligence or wrong is charged by the complainant in her bill against the defendant.

"(5) There is no legal liability against the defendant unto the complainant for injuries alleged to have been sustained by the complainant for any fact or causes set forth in the bill of complaint.

"(6) The bill of complaint charges no act of negligence or misfeasance against the defendant."

The court overruled these demurrers, and granted this appeal to settle the controlling principles involved.

In the case of Rich v. Swalm, 161 Miss. 505, 137 So. 325, this court, in line with the great weight of authority, held that the failure of the landlord to perform his contract and repair the premises generally, as distinguished from specific repairs undertaken to be made, will not render him liable for personal injuries occurring on the premises which happened to be out of repair, since such an injury is not a natural or probable consequence which ordinarily and reasonably could be anticipated from a breach of covenant to generally repair. The decision in that case is carefully limited to an action on a covenant to repair generally, as distinguished from specific repairs undertaken to be made, and is therefore not controlling in the case now before us.

In the case at bar the specific charge is that the supports under a porch fourteen feet above the ground level were so decayed and worm-eaten as to render the porch dangerous to any one using it, and that the appellant contracted, agreed, and promised to repair this specific defective and dangerous condition and make the porch safe for use. The appellant necessarily knew that an upstairs porch adjacent to rooms to be occupied as a dwelling by the tenant and those entering under her title would naturally be used constantly, and, if it be a fact, as alleged, that the supports under this porch were decayed and rotten, when this condition was called to the attention of the appellant, she was bound to anticipate that personal injuries would naturally and probably result from the use of the porch in that condition.

The contract to repair the defective and dangerous condition, and make the porch safe for use, was for the benefit of the tenant and those lawfully upon the premises in her right. The duty assumed by the appellant in respect to this porch had its foundation in, and arose out of, the contract to repair, and this contract defines the extent of the lessor's duty, but that fact does not limit the right of the tenant and those lawfully upon the premises in her right to an action ex contractu for personal injuries sustained by reason of her failure to discharge this assumed duty. The contract to make these specific repairs gave the lessor control over the premises for that purpose, and her negligent failure to discharge the duty so assumed gave rise to an action in tort for damages caused to one lawfully upon the premises in the tenant's right A. L. I. Rest. Torts, sec. 357; Crowe v. Bixby, 237 Mass. 249, 129 N. E. 433. In form, the action here is ex delicto, and we are of the opinion that the demurrers to the bill of complaint were properly overruled.

Affirmed and remanded.