AMERICAN OLEAN TILE COMPANY *v.* MORTON, et al.

No. 42790     November 25, 1963     157 So. 2d 788

*Watkins & Eager, Elizabeth Hulen,* Jackson, for appellant.

888

*Swarthout, Stanfield & Wallace,* Jackson, for appellees.

McGehee, C. J.

This is an appeal from a judgment of the Circuit Court of Hinds County, Mississippi, rendered on November 28, 1962, awarding the appellant, American Olean

Tile Company of Lansdale, Pennsylvania, the sum of only $1,500, the amount admitted by the prime contractor to be due to the subcontractor and tendered into court, instead of the amount sued for, $7,115.09, for material furnished by the appellant in the construction of a women's residence hall at Mississippi College, Clinton, Mississippi.

The judgment was against the Frazier-Morton Construction Company, a partnership composed of C. E. Frazier and A. W. Morton, the prime contractor, and the Fidelity and Deposit Company of Maryland, their surety on a private construction job on the campus of Mississippi College, for a total contract price of $253,000. The material for the tile, marble and terrazo work was sold by the appellant American Olean Tile Company to the subcontractor Stokes Interiors Inc., for the said sum of $7,115.09, and the proof is undisputed that the said material was used in the job or was reasonably required for use in the performance of the contract between the Frazier-Morton Construction Company and Mississippi College, and that no part of the said purchase price had been paid.

The appellees, Frazier-Morton Construction Company and its surety, took the position that the prime contractor and its surety were not liable for unpaid material consumed in the job, since the same was furnished by and through a subcontractor Stokes Interiors Inc., basing this defense upon the fact that Section 374, Code of 1942, providing the terms for a bond on a private job, does not provide for any liability to a materialman of a subcontractor.

However, we think that the record in this case clearly discloses that the bond sued on herein was, and was intended to be, broader than the requirements of this statute as formerly written. This statute as it now reads, provides for a bond "containing such provisions and penalties as the parties thereto may insert therein, (and

that) such bond shall also be subject to the additional obligations that such *contractor or subcontractor*, shall promptly make payments *to all persons* furnishing labor or material under said contract; * *''. (Italics ours).

The original bond named Mississippi College as the obligee therein and was dated March 3, 1961. A supplemental bond was entered into on May 9, 1962, between the prime contractor, Frazier-Morton Construction Company, and the appellant American Olean Tile Company, in which the said tile company was named as the obligee. This bond was for the full contract price of $253,000, as a ''performance bond'' and another bond of the same date, May 9, 1962, and with the same surety, is referred to in the record as the ''payment bond'', for 50% of the contract price.

The bond of May 9, 1962, provided for the protection of all materialmen of the subcontractor, and promised payment to all ''claimants'' as defined therein, and a claimant was defined therein as one ''having a direct contract with the principal or with a subcontractor of the principal for * * * material * * * used or reasonably required for use in the performance of the contract.'' The original bond of March 3, 1961, wherein Mississippi College was named as the obligee provided that ''within ninety days after such claimant * * * furnished the last of the materials'' for which a claim is made, he should give written notice to the owner (of the building) of such claim, and a claimant was specifically defined in the General Construction Specifications referred to in a printed booklet separately sent up on this appeal, and being Exhibit D to the testimony of Mr. Morton, as follows: ''A claimant is defined as one having a direct contract with the principal or with a subcontractor of the principal for labor, material, or both, used or reasonably required for use in the performance of the contract * * *.''

All the provisions of the bond of March 3, 1961, were incorporated in the bond of May 9, 1962, by reference, and the appellees Frazier-Morton Construction Company and its surety Fidelity and Deposit Company of Maryland directly obligated themselves to the appellant American Olean Tile Company in the same terms that they had obligated themselves to Mississippi College in the former bond, and it was provided that ''all rights of American Olean Tile Company thereto are preserved therein.'' It was in consideration of the execution of this bond of May 9, 1962, that the appellant wrote to Mississippi College on the same date that it had no objection to the College releasing any funds owing by it to Frazier-Morton Construction Company or making final payment to said company. The amount then being withheld, as shown by the record, was slightly in excess of $34,000, and the Frazier-Morton Construction Company immediately received in cash these funds theretofore retained by Mississippi College.

All that is needed to constitute a valid consideration to support an agreement or contract is that there must be either a benefit to the promisor or a detriment to the promisee. If either of these requirements exist, there is a sufficient consideration.

In order to get an immediate release of this money to them, Frazier-Morton Construction Company on May 9, 1962, entered into the compromise settlement agreement in the form of a supplemental bond wherein the appellant was named as the obligee instead of Mississippi College, the obligee named in the bond of March 3, 1961, and which subsequent bond recited therein that the College '' * * * is withholding final payment for said construction job from Frazier-Morton Construction Company, and said Frazier-Morton Construction Company desires the release of this money without admission on its part of any liability to American Olean Tile Company whatsoever.'' And Mr. Morton testified that this

bond of May 9, 1962, to the American Olean Tile Company was given in order that they (Frazier-Morton Construction Company) could get their money from Mississippi College. He testified "We executed that to get all of our money due us from the college." No performance or payment bond was required by the prime contractor to be executed by the subcontractor for the protection of the appellant.

In the compromise and settlement agreement, or bond, of May 9, 1962, it was specifically agreed that "all prerequisites to the bringing of a suit had been complied with or were fully met and fulfilled". Of course, the giving of the ninety day notice under the first bond was one of the prerequisites to the suit, and the appellees are now estopped from denying that this prerequisite had not been met. The compromise settlement provided: "It is specifically agreed that the American Olean Tile Company can immediately and forthwith commence suit on this bond against the principal and surety without reference to whether or not there has been a completion or final settlement or publication thereof by Mississippi College and that for the purpose of any suit on its part it is deemed by the parties to this bond that all prerequisites to suit on the contract and bond of March 3, 1961, and this bond are fulfilled and met."

The trial court was of the opinion that "there is an apparent ambiguity between the original bond and the supplemental bond. At any rate, if the limitation in the original bond of ninety days has extinguished the right to sue, nothing but a new promise, for a consideration, could revive the action." The trial court evidently overlooked that the appellant, whose consent was necessary, had agreed for Mississippi College to release to the Frazier-Morton Construction Company approximately $34,000 then being withheld from them by the college, and that this constituted a sufficient

consideration for the execution of the bond of May 9, 1962; and that moreover, this second bond represented a compromise settlement of the then existing controversy.

In the cases relied upon by the appellees to the effect that the statute, Section 374, Code of 1942, supra, does not require a bond for the protection of anyone except those who actually furnish material directly to the principal in the bond, were cases where the bond just happened to be in favor of the prime contractor. In this case the prime contractor specifically contracted with the owner, Mississippi College, that "the contractor shall provide and pay for all materials necessary to execute, complete, and deliver the work within the specified time."

Section 13, pages 9 and 10, of the General Conditions expressly provides that the contractor agreed that any claims of a materialman incurred in the furtherance of the performance of the contract, if left unpaid "the owner may, after having served written notice on the said contractor, either pay the unpaid bills, of which the owner had written notice, direct, or withhold from the contractor's unpaid compensation a sum of money deemed reasonably sufficient to pay any and all such unpaid bills until satisfactory evidence is furnished that all liabilities have been fully discharged."

We have concluded that since the evidence shows without any dispute whatsoever that the material, the value of which is sued for in the sum of $7,115.09, was furnished by the appellant to the Stokes Interiors Inc., and was used in the job of building the women's residence hall at Mississippi College, and has not been paid for, the case should be reversed and judgment rendered here for the appellant, American Olean Tile Company, for the said amount or for the total sum of $7,366.13, including interest at the legal rate from the due date of the price of the said material.

Reversed and judgment here for the appellant.

*Gillespie, McElroy, Rodgers and Brady, JJ.,* concur.