No. 21213.

EARL C. DAVIS *v.* DELIA MARR.
(413 P.2d 707)

Decided May 2, 1966.

Eugene O. Bird, for plaintiff in error.

James E. Tarter, Weldon M. Tarter, for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

The parties to this action will be referred to by name or as they appeared in the trial court wherein Earl Davis was the defendant in a personal injury action brought by the plaintiff, Delia Marr.

On a spring afternoon sometime in May, 1961, plaintiff inspected a surplus army barracks which had been

converted into a house and which was being offered for rent by the defendant.

According to plaintiff's testimony, she and the defendant discussed the possibilities of his renting the house to her. As the negotiations developed, plaintiff noticed that the back steps of the house were in a defective condition. In particular, the stairs consisted of four steps set in a block of concrete. The steps themselves were 10 inches in width and had 7 inch risers. In some manner the steps had been dislodged and pushed partially underneath the porch with the result that the top step was reduced from its original width of 10 inches to approximately 4½ to 5 inches.

The plaintiff testified that when she brought the condition of the steps to the defendant's attention, the latter replied, "We will fix it." Later that evening, plaintiff returned with her husband in order that he might inspect the premises. Plaintiff's husband informed defendant that they would like to rent the house but were hesitant in light of the condition presented by the back steps. Again the defendant replied that he would fix the back steps. Plaintiff stated that it was with this understanding that she agreed to rent the house. The steps were never repaired.

A short time after plaintiff moved into the house, she had occasion to carry out some laundry through the back door. As she set the basket down, she slipped and was injured. Her contention was that she had slipped because the step was not wide enough to provide her foot with sufficient support at the place she stepped. Thereupon, plaintiff brought suit against Davis and alleged that her injuries were the proximate result of a dangerous condition maintained on the premises, and moreover, that such condition was known to the defendant or should have been known to him.

Upon trial of the case, a jury returned a verdict in favor of the plaintiff and the court entered judgment thereon.

Defendant seeks to reverse the judgment of the lower court and makes four assignments of error:

1. The trial court erred in giving Instruction No. 2, which defendant contends was an erroneous statement of the law as applied to the facts of the case.

2. The trial court erred in giving Instruction No. 3 for the same reason as assigned with respect to Instruction No. 2.

3. The trial court erred in refusing to give defendant's tendered Instruction No. 1.

4. The trial court erred in denying defendant's motion for a directed verdict at the close of plaintiff's case, and in overruling defendant's motion for judgment notwithstanding the verdict.

Instruction No. 2, given by the court, stated as follows:

"If you find by a preponderance of the evidence that the condition of the steps was dangerous and likely to cause injury and existed at the time the Marrs rented the house and Mr. Davis knew of the condition or should have known of the condition and such dangerous condition did in fact proximately cause the injury to Mrs. Marr, then you should find for the plaintiff, and determine her damages, if any."

Generally, when a prospective tenant has had an opportunity to inspect the condition of the premises sought to be rented, and any defects existing thereon are patent or obvious to the tenant's observation, the law exempts the landlord from liability for injuries to the tenant as a result of the defect. *Davidson v. Fischer*, 11 Colo. 583, 19 Pac. 652. In the absence of the landlord's covenant to repair, the tenant is said to have assumed the risk of loss or injury when he enters into defective premises and has had means of information equal to that of the landlord. *Spicer v. Machette*, 59 Colo. 214, 147 Pac. 657. See also *Colorado Mortgage and Investment Co. v. Giacomini*, 55 Colo. 540, 136 Pac. 1039. It is clear from what we have said that Instruc-

tion No. 2 was clearly erroneous and does not correctly express the rule in this state.

■ There is, however, a well recognized exception that has been carved out of the general rule exempting a landlord from liability to the tenant for negligence in the maintenance of the defective condition in the premises. In a growing minority of the states the landlord is liable under certain conditions where he has undertaken a covenant to repair the defective condition. Restatement of the Law, *Torts,* 2d, § 375, p. 241, adopts this principle and lays down the conditions under which such liability exists in the following language:

"[Where] * * * (a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, *and*

"(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, *and*

"(c) the lessor fails to exercise reasonable care to perform his contract." (Emphasis supplied.)

See the Restatement Comment on this rule for the reasoning supporting its adoption. See also 78 A.L.R. 2d 1241, 1253, ff.; A.L.R. 2d, Later Case Service 6, 330, 331.

■ We believe this rule is well reasoned. We approve and adopt it as a rule in Colorado. Instruction No. 3 given by the court, which, apparently was designed to enunciate this principle of law, completely failed to do so. It omitted points (b) and (c) of the rule as set forth in the Restatement and was therefore fatally defective.

We need not prolong this opinion by discussing defendant's complaint that the trial court refused to give his tendered Instruction No. 1. This instruction merely attempted to enunciate the principles of landlord-tenant liability with regard to negligent maintenance of the demised premises. We have already discussed those principles at length in this opinion, and laid down the rules which are the law in this state.

■ Defendant's last contention is that the trial court should have directed a verdict in his favor. We do not agree. The condition of the steps and whether such condition constituted an unreasonable risk; the existence of the alleged agreement to repair; whether the lessor exercised reasonable care to perform his contract, if there ever was such a contract; whether the condition of the steps was the cause of plaintiff's injury and whether there was contributory negligence; all of these presented issues of fact for the jury. We therefore hold that the trial court acted properly in denying the motion for a directed verdict.

The judgment is reversed and the cause remanded with directions to grant a new trial in accordance with the views herein expressed.