**WARRIOR CONSTRUCTORS, INC.,
et al., Appellants,**

v.

**HARDERS, INC., Appellee.**

No. 24580.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1967.

Austin C. Wilson, Blake Tartt, Houston, Tex., Lyle M. Page, Biloxi, Miss., Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for appellants.

Lynn C. Higby, Panama City, Fla., Joe A. Moore, Pascagoula, Miss., Isler & Welch, Panama City, Fla., Ford, Moore, Jones, Colmer & Schroeder, Pascagoula, Miss., for appellee.

Before COLEMAN and SIMPSON, Circuit Judges, and DAWKINS, District Judge.

BENJAMIN C. DAWKINS, Jr., District Judge:

This is a partial appeal from a judgment rendered by the United States District Court for the Southern District of Mississippi in favor of Harders, Inc. Warrior Constructors, Inc., is contesting only that part of the judgment awarding Harders $622.82 for Purchase Order 818EE and $241.55 for Purchase Order 818CC.

Appellant as the general contractor entered into a standard "Form 23" contract with the United States to perform certain work at the Mississippi Test Facility in Hancock County, Mississippi. Appellee was awarded the electrical subcontract on the job.

It is undisputed that all electrical work has been properly performed in strict accordance with contract specifications and that the amount involved is due appellee. However, appellant contends that it has no duty to pay these claims until the government pays appellant because of a certain notation on a draft tendered by appellant to Harders as a "final settlement." This notation provided that the amounts in dispute would be payable "within 10 days of receipt of monies from the Corps of Engineers * * *" Appellee contends that there was no consideration for such an agreement and the chief reason Warrior has failed to pay is a dispute with the government concerning "liquidated damages." Thus, Harders sued for these amounts under

the Miller Act.[1] The District Court agreed with Harders' contentions and entered judgment in its favor. We affirm.

It is well established that the purpose of the Miller Act is to provide security for those who furnish labor and material in the performance of government contracts, and a liberal construction should be given the Act to accomplish this purpose.[2] The benefits of the Act are not intended for the prime contractor who is required to furnish bond to effectuate its provisions.[3] Since there is no contract, express or implied, between a subcontractor and the government,[4] there is no procedure by which the claim of a subcontractor can be presented against the United States except as it may become a claim of the prime contractor. A subcontractor has no standing before the Contracting Officer or the Board of Contract Appeals, and no provision is made for the hearing of disputes between a prime contractor and a subcontractor.[5] The remedy for a subcontractor seeking to recover for labor and materials furnished on a government contract is under the Miller Act, and it has been held that when a prime contractor has a claim for the same amounts pending under the "disputes clause" of the prime contract, a subcontractor's claim under the Miller Act is not affected.[6]

To insure payment in full for such materials and labor, a general contractor is required to furnish sufficient bond to secure the contract.[7] The right to sue on the surety bond is a right created by statute,[8] and in absence of a novation[9] or clear expression to the contrary,[10] the contention that there has been a waiver or release of that right must fail. If a subcontractor is not paid, his only remedy is suit under the Act, within the one year period specified by the Act, and no drastic curtailment of these rights will be read into a general agreement absent clear expression to that effect.

In this case, the decision of the District Court is clearly supported by substantial evidence. The correctness of the sums due and the quality of the work performed relative thereto are not disputed. In addition, the District Court found that under the law of Mississippi, a preexisting debt was not sufficient consideration to support a new contract[11] and thus the 10 day notation concerning payment did not have the legal effect of amending the subcontract. This being the case, Harders' right to pursue its claim under the Act was not prejudiced.

In view of the foregoing authorities and because the findings of the District Court were not "clearly erroneous," Rule 52(a), F.R.Civ.P., its decision is hereby

Affirmed.

1. 40 U.S.C. § 270a et seq.

2. United States for Use of B's Co. v. Cleveland Electric Co., 373 F.2d 585 (4th Cir. 1967); United States for Use and Benefit of Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964); Fanderlik-Locke v. United States for Use of Morgan, 285 F.2d 939 (1960).

3. Fanderlik-Locke v. United States for Use of Morgan, 285 F.2d 939 (10th Cir. 1960).

4. United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L.Ed. 1039 (1944); United States for Use of B's Co. v. Cleveland Electric Co., supra; Fanderlik-Locke v. United States for Use of Morgan, supra.

5. Fanderlik-Locke v. United States for Use of Morgan, supra.

6. United States for Use of B's Co. v. Cleveland Electric Co., supra; Central Steel Erection Co. v. Will, 304 F.2d 548 (9th Cir. 1962).

7. See 40 U.S.C. § 270a.

8. See 40 U.S.C. § 270b.

9. Liebman v. United States for Use and Benefit of California Electric Supply Co., 153 F.2d 350 (9th Cir. 1946).

10. United States for Use of B's Co. v. Cleveland Electric Co., supra.

11. American Olean Tile Co. v. Morton, 247 Miss. 886, 157 So.2d 788 (1963).