476 P.2d 272 (1970)
KELLER-LOUP CONSTRUCTION CO., d/b/a Gardenswartz & Co., and Gerald N. Gardenswartz, d/b/a Gardenswartz & Co., Plaintiffs in Error,
v.
Rosemary E. GERSTNER, Defendant in Error.
No. 70-368. (Supreme Court No. 23718.)
Colorado Court of Appeals, Division II.
October 27, 1970.
*273 David W. Sarvas, L. L. Nathenson, Lakewood, for plaintiffs in error.
J. H. Howard, Denver, for defendant in error.
Not Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The plaintiff-tenant brought this action to recover for damage to her personal property. At a trial to the court, judgment in the sum of $835 was entered against the defendant-landlord. In seeking reversal, the landlord contends that the evidence does not support the court's findings on the issues of liability and damages.
Plaintiff occupied a garden level apartment as a tenant from month to month without a written lease. A water pipe, which was a part of the heating system of the building, was located under the floor of the apartment. This pipe burst or sprung a leak, causing water to come through the cement floor. The water damaged the tenant's personal property located in the apartment and the condition of the apartment after the flooding was such that the tenant was forced to vacate the premises. The tenant had repeatedly complained to the landlord that the apartment was extremely hot, that part of the floor was so hot she could not walk on it and she had been told by the manager that the condition would be corrected.
The rules applicable to this case are stated in Davis v. Marr, 160 Colo. 27, 413 P.2d 707:
"Generally, when a prospective tenant has had an opportunity to inspect the condition of the premises sought to be rented, and any defects existing thereon are patent or obvious to the tenant's observation, the law exempts the landlord from liability for injuries to the tenant as a result of the defect. (citing case) In the absence of the landlord's covenant to repair, the tenant is said to have assumed the risk of loss or injury when he enters into defective premises and has had means of information equal to that of the landlord. (citing cases) * * *.

*274 "There is, however, a well recognized exception that has been carved out of the general rule exempting a landlord from liability to the tenant for negligence in the maintenance of the defective condition in the premises. In a growing minority of the states the landlord is liable under certain conditions where he has undertaken a covenant to repair the defective condition. Restatement of the Law, Torts, 2d, § 375, p. 241, adopts this principle and lays down the conditions under which such liability exists in the following language:
`[Where] * * * (a) the lessor, as such, has contracted by a covenant in the lease or otherwise to keep the land in repair, and

`(b) the disrepair creates an unreasonable risk to persons upon the land which the performance of the lessor's agreement would have prevented, and

`(c) the lessor fails to exercise reasonable care to perform his contract.' (Emphasis supplied.)
"See the Restatement Comment on this rule for the reasoning supporting its adoption. * * *
"We believe this rule is well reasoned. We approve and adopt it as a rule in Colorado."
In the present case, the pipe which burst was in the exclusive control of the landlord and he was under a duty to keep the pipe in a condition of reasonable safety insofar as it affected the tenant; thus the trial court properly found the landlord negligent in failing to inspect and repair the pipe after he had notice of its defective condition.
The tenant's testimony, itemizing the various articles which were destroyed, included her estimate of their value. The landlord contends that such testimony in the absence of further evidence of value is insufficient to support the judgment. The tenant, as the owner, was competent to testify as to the value of the type of property involved. Montgomery v. Tufford, 165 Colo. 18, 437 P.2d 36. Her testimony was sufficient to enable the court to determine the value of the property at the time of the loss.
Judgment affirmed.
ENOCH and PIERCE, JJ., concur.