494 P.2d 1307 (1972)
W. L. KOPKE, Plaintiff-Appellant,
v.
AAA WAREHOUSE CORPORATION, d/b/a Rocky Mountain Warehouse Corporation, et al., Defendants-Appellees.
No. 71-204.
Colorado Court of Appeals, Div. I.
March 14, 1972.
Stitt, Wittenbrink & Roan, P. C., Philip F. Roan, Denver, for plaintiff-appellant.
Zarlengo, Mott & Carlin, Donald E. Cordova, Denver, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Plaintiff-appellant brought this action to recover damages for personal injuries received when he slipped and fell on ice in a *1308 parking lot in which he rented a parking space from defendant-appellee. The parking lot was across the street from an office building in which plaintiff also leased office space from defendant-appellee. Trial was to a jury.
At the conclusion of plaintiff's case, the court granted defendants' motion for a directed verdict. Plaintiff appeals from this order as to defendant-appellee AAA Warehouse Corporation, d/b/a Rocky Mountain Warehouse Corporation (defendant), which had leased the building and parking lot from the individual owners and is in the position of a landlord as to plaintiff. We reverse.
The evidence indicates that snow fell on a Friday and Saturday in October 1969. Because of the snow and icy conditions of the streets, plaintiff, age 70 at the time, did not go to his office until the following Tuesday. Plaintiff drove to his office on that day, parked in his rented space, and while he was walking in the parking lot toward his office slipped and fell. Due to alternate thawing and freezing since the snow storm, the parking lot surface was covered with ice and at the time of the accident the sun had caused some melting, resulting in a thin water covering on the ice. The plaintiff's evidence indicated that defendant had made no effort to clear the lot of the earlier snow or resulting ice. The defendant rented office space in the building to other tenants and also rented parking spaces to its tenants. There was no rental agreement between plaintiff and defendant as to the maintenance of the parking lot.
The trial court ruled as a matter of law that:
". . . There was no duty owed to the plaintiff by the landlord to remove the accumulation of snow or ice from the parking lot or that the corporate defendant exercised any control or maintenance of the parking lot as existed in the case of Robinson v. Belmont-Buckingham Holding Company, 94 Colo. 534 [31 P.2d 918]."

I.
The question of whether a landlord, in the absence of statute or agreement, owes a duty to his tenants to remove natural accumulations of snow and ice from premises held in common is a question of first impression in Colorado. As discussed in 52 C.J.S. Landlord and Tenant § 417(13), there are essentially two rules which have evolved in other jurisdictions. The trial court adopted the so-called "Massachusetts," or common-law, rule which imposes no duty on the landlord under the circumstances stated. However, we find the opposite rule, which is sometimes identified as the "Connecticut" rule, to be more consistent with the law in Colorado. Accordingly, we hold, that in the absence of statute or agreement, the landlord is under a duty to exercise reasonable care to keep the common passageways, approaches and parking facilities within his control in a reasonably safe condition. See Mile High Fence Company v. Radovich, Colo., 489 P. 2d 308; Prinock v. Hamilton, 168 Colo. 524, 452 P.2d 375; King Soopers, Inc. v. Mitchell, 140 Colo. 119, 342 P.2d 1006; Robinson v. Belmont-Buckingham Holding Co., 94 Colo. 534, 31 P.2d 918. The evidence in this case was sufficient to raise a jury question as to whether defendant's failure to remove snow and ice constituted a lack of reasonable care in the maintenance of the parking lot.
In a recent case decided by our Supreme Court, Mile High Fence Company v. Radovich, supra, the common-law relationship between landowner and a person upon the land was clarified with the following:
"What we are holding is that status or classification of one who is upon the property of another is not to be determinative of the occupant's responsibility or the degree of care which he owes to that person. Rather, the occupant, in the management of his property, should act as a reasonable man in view of the probability or foreseeability of injury to others. A person's status as a trespasser, licensee or invitee may, of course, in the *1309 light of the facts giving rise to such status, have some bearing on the question of liability, but it is only a factornot conclusive."
If the ordinary standard of negligence or "reasonable man" test is to be applied to the landowner in relation to a trespasser, licensee or invitee, we find no logical reason for not applying the same test in a landlord-tenant relationship in the absence of agreement or statute to the contrary. This test was applied in Sims v. Block, 94 Ill.App.2d 215, 236 N.E.2d 572, in which that court said:
"Initially, we feel that the standard of care required of a landlord who provides a parking lot for the convenience of his tenants, in no sense varies from the standard of care applicable in those instances wherein a store makes a parking lot available for its customers. . . ."
. . . . . .
". . . They (landlords), therefore, had the duty of exercising reasonable care to keep the premises in a reasonably safe condition for use by tenants. We see no reason to except conditions of snow and ice from this general duty."
Defendant relies upon Davis v. Marr, 160 Colo. 27, 413 P.2d 707, and Davidson v. Fischer, 11 Colo. 583, 19 P. 652. The rules of these cases have no application to the case at hand as they deal with physical defects in the rented property which were known by the tenant to exist at the time of the rental.

II.
The secondary issue of this appeal is whether there was sufficient evidence of defendant's control over the parking lot to impose any duty on the defendant. The evidence is undisputed that the defendant leased the lot and building from its owner and that, as the landlord, defendant rented office space and parking space to tenants. Considering the evidence in the light most favorable to the plaintiff and all inferences that may be drawn therefrom, as we must in considering defendants' motion for a directed verdict, there was sufficient evidence to establish a prima facie case that defendant did in fact have control over the parking lot.
The judgment is reversed and the cause remanded for a new trial on all issues.
SILVERSTEIN, C. J., and DWYER, J., concur.