The UNITED STATES of America, For the Use of Douglas G. ANDERSON, Plaintiff,

v.

Jim CHALLINOR; Glacier National Bank; and the United States Forest Service, Defendants.

No. CV 84–148–M–RES.

United States District Court, D. Montana, Missoula Division.

Oct. 22, 1985.

Bruce McEvoy, Warden, Christiansen, Johnson & Berg, Kalispell, Mont., for plaintiff.

Jim Challinor, pro se.

OPINION

RUSSELL E. SMITH, District Judge.

This would be an ordinary Miller Act [1] case except for the fact that some imaginative genius in the federal government decided that irrevocable letters of credit could be used as a substitute for Miller Act bonds. 41 C.F.R. § 1–10.204–2 (1984).

In this case a Forest Service contract was let and an irrevocable letter of credit taken from Glacier National Bank. The contractor failed to pay plaintiff subcontractor. The Forest Service presented the letter of credit, which was paid and the proceeds deposited with the clerk of this court. Neither the Forest Service nor Glacier National Bank resists this action.

 Justice requires that the plaintiff be paid. A subcontractor cannot recover from the United States. *Warrior Constructors, Inc. v. Harders, Inc.*, 387 F.2d 727, 729 (5th Cir.1967); *United Electric Corp. v. United States*, 647 F.2d 1082, 1083, 227 Ct.Cl. 236 (1981).

Unfortunately, however, those writing the rules which appear in the Code of Federal Regulations do not have power to confer jurisdiction on this court, and jurisdic-

[1]. 40 U.S.C. §§ 270a and b.

tion, if it exists, must be found in the statutes.

■■■ 40 U.S.C. § 270b(a), which provides that persons "shall have the right to sue on such payment bond," and Section 270b(b) vests jurisdiction of "[e]very suit instituted under this section" in the United States District Court. If these sections are read narrowly and literally, then suits are restricted to cases in which there is a payment bond. The purpose of the Miller Act is to protect those supplying labor and material on Government contracts, and in the words of the Supreme Court, the obligation on the bond "must be at least coextensive with the obligations imposed by the Act." *United States ex rel. Sherman v. Carter,* 353 U.S. 210, 215–16, 77 S.Ct. 793, 796–97, 1 L.Ed.2d 776 (1957). 40 U.S.C. § 270a(a) requires that "bonds" be furnished, but in Section 270a(c), these words appear: "Nothing in this section shall be construed to limit the authority of any contracting officer to require a performance bond or other security in addition to those ... specified in subsection (a) of this section." In this case, the contracting officer, by requiring the letter of credit, required a security. It was not "in addition" to the bond, but rather in lieu of the bond. The regulation (41 C.F.R. § 1–10.204–2 (1984)) under which the letter of credit was issued clearly indicates that the letter of credit is to be in lieu of the bond. The Forest Service knew that; the contractor knew that; and Glacier National Bank knew that. If additional security may be required, the requirement is useless unless the obligation to pay may be enforced against that additional security. It was the intention of all of the parties that the obligation created by the letter of credit should be coextensive with the obligations created by a performance bond. While the intention of the parties cannot confer jurisdiction, to now hold either that there is no right in the subcontractor to sue or that there is no jurisdiction in the court to try the suit, because the contracting officer had no power to accept a letter of credit which was not "in addition to" but in lieu of the performance bond, would frustrate the purpose of the Act rather than to

liberally interpret the Act to achieve its purpose. *See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 124, 94 S.Ct. 2157, 2162–63, 40 L.Ed.2d 703 (1974); *Carter,* 353 U.S. at 216, 77 S.Ct. at 797.

It is my opinion, therefore, that the Miller Act provides a remedy and a forum in those cases where the law requires a bond and where an administrative officer accepts a letter of credit in lieu thereof.