**UNITED STATES of America for the Use and Benefit of N.U., INC., Plaintiff,**

v.

**GULF INSURANCE CO., Defendant.**

**No. 86–10003–Civ–King.**

United States District Court,
S.D. Florida,
Miami Division.

Dec. 15, 1986.

---

Charles F. Mills, Miami, Fla., for plaintiff.

Kimbrell & Hamann, Miami, Fla., for defendant.

## ORDER DENYING MOTION FOR STAY

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court upon defendant Gulf Insurance Co.'s motion for stay pending administrative proceedings or arbitration. This action was brought pursuant to the Miller Act, 40 U.S.C. § 270a, et seq., by use plaintiff N.U., Inc., a subcontractor on a government building project, against Gulf, the defaulted prime contractor's surety.

### DISPUTES CLAUSE

Gulf first contends that this action should be stayed pending resolution of the dispute in accordance with a standard disputes clause which is typically incorporated in general construction contracts with the government. This clause requires contractors to submit written claims to the government's contracting officer.

The Subcontract between the prime contractor and N.U. Inc., provided in Article II(a) that:

Contractor shall have the same rights and privileges against the Subcontractor herein as the Owner in the General Contract has against Contractor.

The General Contract incorporates by reference the standard disputes clause described above. In essence, Gulf contends that the subcontractor, N.U., Inc., is bound by a disputes clause that is incorporated by reference in the General Contract, which is then incorporated by reference in the Subcontract.

It is not certain that N.U., Inc., would be bound to pursue its claim against Gulf in accordance with the disputes clause even if it were bound by the clause in any claim it had against the prime contractor. The court need not decide this issue, however, because a subcontractor generally cannot be bound by a disputes clause that is incorporated into the Subcontract by reference to the General Contract. The subcontractor can be so bound only if the Subcontract contains a provision making the disputes clause expressly applicable and waiving the Miller Act remedy. *H.W. Caldwell & Son, Inc. v. U.S. for Use and Benefit of John H. Moon & Sons, Inc.*, 407 F.2d 21 (5th Cir.1969); *Warrior Constructors, Inc. v. Harders, Inc.*, 387 F.2d 727 (5th Cir.1967). Compelling the subcontractor to comply with the disputes provision puts it in a vulnerable position, because it must rely on the prime contractor to present its claim. *Fanderlik-Locke Co. v. United States for the Use of M.B. Morgan*, 285 F.2d 939 (10th Cir.1960).

The Subcontract provision that gives the prime contractor the same rights against a subcontractor as the owner has against the subcontractor does not expressly make the disputes clause of the General Contract applicable. Thus, it is not binding on N.U., Inc.

Gulf argues that the rights provision is rendered meaningless if it not construed to include the right to resolve this dispute in accordance with the disputes clause. This argument is unconvincing, because the owner and contractor have many rights that are unrelated to the available methods of dispute resolution. Certainly each has the right to have work performed as required by the contracts.

Gulf contends, however, that unless the subcontractor is compelled to assert its claim in the manner prescribed by the disputes clause, i.e., by having the prime contractor make the claim against the government on N.U., Inc.'s behalf, it faces the risk of inconsistent results. Gulf could be

forced to pay a judgment that it could not recover from the government. This argument is contrary to law binding on this circuit. In *Warrior Constructors, Inc. v. Harders, Inc.*, 387 F.2d 727 (5th Cir.1979), the court stated that a claim by the prime contractor under the disputes clause has no effect on a subcontractor's Miller Act claim.

## ARBITRATION CLAUSE

Gulf next argues that this action should be stayed pending arbitration, because N.U. Inc.'s Subcontract contained an arbitration clause. The court in *United States for and on Behalf of Weiss Pollution Control Corp.*, 532 F.2d 1009 (5th Cir.1976), held that an arbitration clause in a Subcontract between the subcontractor and the contractor was ineffective as to the contractor's surety. Thus a stay for arbitration would be inappropriate here.

Accordingly, upon the defendant's motion for stay and upon the court being fully advised, it is

ORDERED AND ADJUDGED that the defendant's motion for stay be, and the same is, DENIED.