Jennifer **HARLESS**, Plaintiff–Appellant,

v.

Herbert **GEYER**, Defendant–Appellee.

No. 91CA1981.

Colorado Court of Appeals,
Div. V.

Dec. 31, 1992.

Rehearing Denied Feb. 4, 1993.

Palmer & Paoli, P.C., Jeffrey A. Esses, James H. Guest, Denver, for plaintiff-appellant.

Quigley & Bruce, William C. Ritter, Denver, for defendant-appellee.

Opinion by Judge HUME.

In this personal injury case, plaintiff, Jennifer Harless, appeals the summary judgment entered in favor of defendant, Herbert Geyer, on plaintiff's claims for negligence and negligence *per se*. We affirm.

Plaintiff was injured when she fell down the basement stairs in an older home she leased from defendant. Before plaintiff occupied the premises, defendant had covered the stairs with linoleum but did not install a handrail. In her complaint, plaintiff alleged that defendant breached his duty to exercise reasonable care by failing to eliminate the danger created by the lack of handrails and that defendant was negligent *per se* because of his alleged violation of the Denver Building Code (Code).

In granting defendant's motion for summary judgment, the trial court determined that defendant was not negligent *per se* because the Code applied to pre-existing buildings only if significant additions, alterations, or repairs were made after its adoption. Finding that there was no evidence of such activities, the trial court concluded that the Code did not apply.

Defendant was found not liable on the negligence claim because the trial court concluded that a landlord does not have a duty of care to a tenant relating to patent defects.

On appeal, plaintiff first contends that the trial court erred in granting summary judgment because the Code imposed a duty on defendant to maintain the stairs in a safe condition. We are not persuaded.

A summary judgment may be granted only upon a clear showing that there are no disputed issues of material fact and that the moving party is entitled to prevail as a matter of law. Also, all doubts concerning the existence of a triable issue of fact must be resolved against the moving party, and the non-moving party is entitled to all favorable inferences that may be drawn from the facts. *Peterson v. Halsted*, 829 P.2d 373 (Colo.1992).

 In order to prevail upon a claim of negligence *per se*, there must be a violation of a statute or ordinance. *Iverson v. Solsbery*, 641 P.2d 314 (Colo.App.1982). Denver Building Code § 3305(i) requires that stairways shall have handrails. However, this section is tempered by Denver Building Code § 102, which provides that the Code "shall extend to and govern ... [a]lteration, addition, repair, demolition, removal, moving, change of occupancy, and maintenance of any existing building."

Contrary to plaintiff's argument, we perceive no error in the trial court's ruling that the recovering of the stairs with linoleum is a change in structure, use, or occupancy insufficient to bring such work within the scope of the Code, including the handrail requirement provision.

 Finish work such as floor covering cannot be considered an alteration or addition that would trigger governmental intervention. *See* Denver Building Code § 300 (permits are not required for painting, wallpapering, and similar finish work). Hence, the trial court was correct in finding that there was no addition or alteration which would trigger a requirement for compliance with the "handrail" requirements of the Code.

Plaintiff also contends that Denver Building Code §§ 106 & 107 are applicable here. We disagree.

Denver Building Code § 106(d) requires that buildings and structures that existed prior to the adoption of the Code or which were erected pursuant to any prior code or

ordinance be maintained in safe working condition by the owner.

Section 107 of the Code provides that:

[a]n unsafe building or structure is one which constitutes a fire hazard or hazard to life, health, property, or public welfare by reason of use, construction, disaster damage, vandalism, quality of materials, inadequate maintenance, dilapidation, or abandonment.

We find nothing in the record to indicate that the stairway had been damaged or fallen into structural disrepair so as to trigger any duty for defendant to undertake repairs pursuant to Denver Building Code §§ 106 & 107.

■ We also reject plaintiff's contention that the trial court erred in granting summary judgment on her negligence claim.

■ In order to recover on her negligence claim, plaintiff was required to demonstrate the existence of a legal duty owed to her by the defendant. *See Connes v. Molalla Transport System, Inc.*, 831 P.2d 1316 (Colo.1992). However, a landlord owes no duty to a tenant for injuries caused by patent defects that were plainly visible to the tenant prior to the tenant's occupancy under the lease. *Davis v. Marr*, 160 Colo. 27, 413 P.2d 707 (1966).

Here, it was undisputed that plaintiff had an opportunity to inspect the premises and was aware of the absence of a handrail, as well as any other defect which plaintiff now attempts to allege. Accordingly, the trial court did not err in concluding that defendant owed no duty of care to plaintiff for such conditions as existed in this case.

The judgment is affirmed.

JONES and MARQUEZ, JJ., concur.